Demery STEVENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–94–00043–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 7, 1995.

Decided Feb. 24, 1995.

Opinion Overruling Motion for
Rehearing April 19, 1995.

Paul Hoover, Kusin & Hoover, Texarkana, for appellant.

Jerry D. Rochelle, Bowie County Asst. Dist. Atty., Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Demery Stevens appeals from the revocation of his probation. He contends that the trial court erred in revoking probation because the allegation that he had committed a felony offense was abandoned by the State at trial, because the trial court refused to take mitigating factors into consideration due to its erroneous belief that the sentence assessed in 1990 at the time of his conviction mandated the term of his sentence, and because the evidence was legally and factually insufficient to prove that he violated any terms or conditions of his probation.

Demery Stevens was convicted of possession of a controlled substance in 1990 and was placed on ten years' probation. The district attorney filed a motion to revoke his probation on September 8, 1993. The State originally alleged that he had violated his terms and conditions of probation by committing the offense of possession of a controlled substance and by failing to avoid use of drugs, as shown by a positive drug screen on urinalysis, on the dates of April 11, 1991, April 23, 1991, May 6, 1991, March 9, 1992, and August 9, 1993. An amended motion to revoke probation was filed on November 18, 1993, which added the additional date of a positive chemical test on September 16, 1993. A hearing on this matter was held on November 23, 1993.

The trial court found that the State had failed to prove its allegation that Stevens had possessed a controlled substance. The court then found that the State had adequately proven that Stevens had violated the terms of probation by ingesting a controlled substance. The trial court then revoked his probation and set his sentence at the same length as that set out in the 1990 conviction.

Stevens first contends that the trial court erred in entering judgment to revoke his probation because the court had found the first allegation to be without support and further because the State had abandoned that ground at the hearing.

■ The judgment states that one of the reasons for revocation was because Stevens committed the offense of felony possession of a controlled substance. This entry was made in error and does not reflect the finding of the court. The district attorney abandoned this ground at the hearing and also dismissed the underlying charge. The judgment is reformed to delete this statement. The judgment further states that Stevens also violated other terms of his probation. Proof of a single violation is sufficient to support revocation. *Anderson v. State,* 621 S.W.2d 805 (Tex.Crim.App. [Panel Op.] 1981); *Reynolds v. State,* 746 S.W.2d 536, 537 (Tex.App.–Texarkana 1988, no pet.).

■ Stevens next contends that the trial court erred in entering judgment reflecting a sentence of ten years because the trial court did not consider mitigating factors. He argues that the court erroneously entered this judgment because it believed that the probationary term as originally set at conviction mandated the length of the sentence to be imposed upon revocation.

After revoking his probation, the following conversation took place.

THE COURT: Well, let's do this. Let's go with a twenty-five hundred dollar bond and I'll approve that. I have revoked his probation ...

MR. HOOVER: And sentenced him to a period of confinement for?

THE COURT: Well, he's already been sentenced to ten years.

THE STATE: That is correct.

THE COURT: I'm merely revoking his probation and I will approve the bond.

No sentence was pronounced at that time in the defendant's presence; however, the ten-year sentence had been pronounced when initially set, complying with TEX.CODE CRIM. PROC.ANN. art. 42.03, § 1(a) (Vernon Supp. 1995).[1]

The State had previously asked the court to remand Stevens into custody for a ten-year sentence. Counsel argues that the trial court erroneously believed that he was bound

to the previous term of ten years as originally set by the district court upon his conviction. He supports this argument by noting that a ten-year term was the maximum that could be imposed for the crime involved and reiterates substantial evidence that Stevens had become a productive member of society between 1990 and 1994. The evidence shows that Stevens now owns a small business and is married and expecting a child. In addition, the State acknowledges that Stevens had violated no other term of his probation and that the possession of cocaine charge alleged at the time of the revocation hearing had been dismissed by the State. The evidence shows that Stevens had made all payments required, had faithfully appeared at the probation office, and had successfully completed all classes required by the probation office. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 23(a) (Vernon 1995) provides that when probation is revoked

the judge may proceed to dispose of the case as if there had been no community supervision, or if the judge determines that the best interests of society and the defendant would be served by a shorter term of confinement, reduce the term of confinement originally assessed to any term of confinement not less than the minimum prescribed for the offense of which the defendant was convicted.

We agree that the court's ruling reflects the court's lack of understanding of its ability to consider mitigating evidence and its power to then impose sentence on Stevens for either the original or a shorter term at the revocation hearing. On this basis, the cause is reversed and remanded for a hearing, after which the court may impose an appropriate sentence.

■ Stevens further contends that the evidence is insufficient to support revocation of his probation. The evidence consisted entirely of a description of a urinalysis conducted of samples taken over a three-year period. Counsel complains because the earlier samples have been destroyed, thus eliminating

---

1. In the trial court's written order revoking probation, the following language appears. "Accordingly, the court now sentences you to a period of ten (10) years confinement in the Texas Department of Criminal Justice—Institutional Division."

any opportunity for him to test the verity of the State's claim that his urine tested positive for cocaine.

■■■ A probation revocation proceeding is neither a criminal nor a civil trial, but is rather an administrative proceeding. The rules of criminal evidence are generally applicable, and the State must prove by a preponderance of the evidence that a defendant violated the terms of his probation. *Cobb v. State*, 851 S.W.2d 871 (Tex.Crim.App.1993). Our review of an order revoking probation is limited to determining whether the trial court abused its discretion. When there is factually sufficient evidence to support a finding that a condition of probation has been violated, the trial court does not abuse its discretion in revoking probation. *Cardona v. State*, 665 S.W.2d 492 (Tex.Crim.App.1984); *Reynolds v. State*, 746 S.W.2d 536.

The State's witness testified that the urine samples were given a code number and then tested on a machine, which generated a report containing the identifying code number and setting out the level of cocaine in the sample. The witness testified that the frozen samples are typically saved for thirteen months, after which they are destroyed.

The judgment reflects that Stevens was found to have violated probation by testing positive for cocaine on April 11, 1991, April 23, 1991, May 6, 1991, and August 9, 1993. Stevens complains because the urine samples of which the urinalyses of April 11, April 23, and May 6, 1991, were made had been destroyed.[2] This destruction deprived Stevens of any opportunity to confront the evidence against him and to determine whether the urine tested was his. *Hughes v. State*, 729 S.W.2d 352, 354 (Tex.App.–Dallas 1987, pet. ref'd, untimely filed); *see LeJeune v. State*, 538 S.W.2d 775, 780 (Tex.Crim.App.1976).

Even though the full protections of trial are not accorded in this type of setting, we do not believe that we should discard the basic tenet that a defendant should be able to confront and test the evidence against him.

Although counsel phrased his oral argument in terms of chain of custody, that specific argument was not made at the hearing or in his brief. His brief and complaint at trial complained that he was not permitted to have an independent analysis made of the samples and that he had "no chance to confront, cross-examine, or to be confronted by the evidence" against his client. Counsel abandoned his suggestion of independent analysis at oral argument, and this contention would have been without merit because no timely effort was made to obtain the items for such analysis. We, however, are still faced with his complaint that he was given no opportunity to confront and test the evidence.

In effect, the State has destroyed the evidence and proved Stevens' misbehavior through written summaries setting out the State's analysis of the evidence before its destruction.[3] Admittedly, the sample itself would have been useless from the State's viewpoint in the absence of the analysis of its contents. If we adopt the State's view, a similar argument could be made that evidence need not be provided, so long as a summary describing the evidence is provided. A more narrow view might suggest that in drug cases the contraband itself need not be introduced into evidence because its nature could only be proven by scientific analysis. This position has been adopted in connection with breath analyses in driving while intoxicated cases. *Turpin v. State*, 606 S.W.2d 907 (Tex.Crim.App.1980).

---

**2.** The State complains that it had no duty to preserve these vials of urine for the two years before the hearing was held on the chance that the defendant might wish to match the codes on the vials with the codes generated by the machine used to test the samples. This argument is not credible. The State filed its motion to revoke less than sixty days before the hearing was held. The extended time lapse from testing to hearing was attributable to the State and not the defendant. In such a situation, the State must preserve the evidence that it wishes to use.

**3.** In *Montoya v. State*, 832 S.W.2d 138, 140–41 (Tex.App.–Fort Worth 1992, no pet.), such analyses were admitted by the trial court into evidence as the primary proof of cocaine use in violation of the terms of probation. However, the only complaint raised by the defendant involved proof that the State had not proven the witness to be a proper custodian of the records.

The courts have determined that a deliberate suppression of evidence by the State violates a defendant's right to due process under the Fourteenth Amendment if the evidence is material to the issues of either guilt or punishment. *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215, 218 (1963).

■ The State's failure to preserve evidence that is only potentially useful to the defense does not amount to a denial of due process unless the defendant shows bad faith on the State's part. *Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S.Ct. 333, 337–38, 102 L.Ed.2d 281, 289 (1988). The defendant must also show that the lost evidence is material and favorable to his case. *Hebert v. State*, 836 S.W.2d 252, 254 (Tex.App.–Houston [1st Dist.] 1992, pet. ref'd); *Nastu v. State*, 589 S.W.2d 434, 441 (Tex.Crim.App. [Panel Op.] 1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980).

A showing that the lost evidence may or might have been favorable does not meet the materiality standard. There must be an affirmative showing that the evidence was favorable and material.[4] *See United States v. Agurs*, 427 U.S. at 109–10, 96 S.Ct. at 2400–01, 49 L.Ed.2d at 353; *Stone v. State*, 583 S.W.2d 410, 415 (Tex.Crim.App. [Panel Op.] 1979); *Hernandez v. State*, 867 S.W.2d 900, 908 (Tex.App.–Texarkana 1993, no pet.); *Hebert v. State*, 836 S.W.2d at 254. Although the State did not preserve the evidence, there is no showing of bad faith on the State's part and no showing that the evidence was favorable and material.

■ The remaining question is whether the evidence that the results of the urinalysis of the sample taken on August 9, 1993, was positive for metabolites of cocaine is sufficient to support the court's finding that Stevens violated the terms of his probation. Stevens did not complain of the admission of the test results of the August 9, 1993, sample, which was still extant (although not introduced into evidence) at the time of the

hearing. Thus, even without considering the other samples, there remains probative evidence before the court that, on a single instance, Stevens violated a term of his probation. Proof of a single violation is sufficient to support the revocation of probation. *Anderson v. State*, 621 S.W.2d 805; *Reynolds v. State*, 746 S.W.2d at 537.

■ Stevens also contends that the evidence offered by the State from the operator of the machine was inadequate because the State did not prove that the witness had qualifications necessary to translate or interpret such a result and because the State failed to prove that its operator had any understanding of the scientific theory upon which it functioned. The evidence showed that the operator had been trained to operate the machine by the manufacturer and that he assumed that the machine, if operated properly, was able to detect a controlled substance in a urine sample.

Counsel complained about this testimony at the time it was offered on the basis that a proper predicate had not been laid for its admission. The officer admitted a complete lack of knowledge about the principles upon which the machine operated. Tex.R.Crim. Evid. 702 states that a witness may testify about scientific, technical, or other specialized matters if he is qualified as an expert by knowledge, skill, experience, training, or education. The witness did not qualify on any of these grounds. He admitted in his testimony that he knew nothing more than how to operate the machine, and he presented no evidence to establish the reliability of the tests. Thus, the officer's testimony concerning the test was improperly admitted.

However, proof of the content of the urine samples was also provided from an independent source. Dr. H.R. Adams, the chief of toxicology and chemistry at Scott and White Clinic in Temple, Texas, testified that his laboratory had tested the samples and that they had each tested positive for metabolites of cocaine. After testing his knowledge of the means used to test the samples, counsel did not object to his testimony. Thus, there

---

4. It seems an unfair burden to require the defendant to prove the evidence would be beneficial when the State destroyed his opportunity to do

so, but the high courts have spoken on this matter.

is competent and admissible evidence that Stevens had ingested cocaine for the August date set out in the judgment. This evidence is sufficient to support the ruling of the trial court. This point of error is overruled.

The judgment revoking probation is reformed to delete the finding that Stevens had committed the offense of possession of a controlled substance. The judgment of revocation is otherwise affirmed, and the cause is remanded for a new evidentiary hearing on punishment.

### ON MOTION FOR REHEARING

Stevens contends on rehearing that the testimony of Dr. Adams offers no support for the court's finding that he had violated his probation, because the State did not offer the written reports into evidence. The reports were used by Adams during his testimony. Adams was the supervisor of the laboratory where the tests were made, but did not personally conduct the tests in this case. Stevens argues that Adams's testimony was based upon the reports and that without the introduction of those reports his testimony was without probative force.

Adams testified in detail about the results of the tests, providing information supporting a conclusion that Stevens had violated a term of his probation. "Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay." TEX.R.CRIM.EVID. 802. Adams's testimony was admitted without objection for all purposes and was properly considered by the fact finder. Stevens's motion for rehearing is overruled.

**In re J.J.**