NO. 07-00-00578-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 2, 2002



______________________________




ANDRAE DELANE JACKSON
, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 184TH DISTRICT COURT OF HARRIS COUNTY;



NO. 808859; HONORABLE JAN KROCKER, JUDGE;



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Upon hearing evidence that appellant Andrae Delane Jackson had violated the
conditions of his community supervision, which had been granted upon a guilty plea to the
charge of possession with intent to deliver between four and two hundred grams of
cocaine, the trial court revoked community supervision and assessed punishment at six
years confinement. By a single point of error, appellant contends the trial court erred by
revoking his community supervision because evidence of mail and telephone
communications without evidence of physical contact is insufficient to prove that he failed
to avoid persons of disreputable character. Based on the rationale expressed herein, we
affirm.

 On March 26, 1999, appellant was charged by information with possession with
intent to deliver between four and two hundred grams of cocaine. Appellant plead guilty
and received a suspended sentence of six years confinement, imposing community
supervision for a period of six years. In September 2000, the State filed a motion to revoke
appellant's community supervision on the grounds that appellant had failed to avoid
persons of disreputable character. At the hearing on the State's motion, the State entered
into evidence correspondence between appellant and his former associates, as well as
testimony from appellant's community supervision officer stating appellant had admitted
such communication. In addition, appellant pled "true" to the allegations in the State's
motion. 

 In a revocation proceeding, the State must prove by a preponderance of the
evidence that appellant violated a condition of community supervision. Cobb v. State, 851
S.W.2d 871, 874 (Tex.Cr.App. 1993). When reviewing an order revoking community
supervision, the sole question before this Court is whether the trial court abused its
discretion. Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). An abuse of
discretion occurs only when the trial judge's decision was so clearly wrong as to lie outside
the zone within which reasonable persons might disagree. Cantu v. State, 842 S.W.2d
667, 682 (Tex.Cr.App. 1992). The appellate court views the evidence presented in a
revocation proceeding in the light most favorable to the trial court's ruling. Garrett v. State,
619 S.W.2d 172, 174 (Tex.Cr.App. 1981). When there is sufficient evidence to support
a finding that a condition of community supervision has been violated by the probationer,
the trial court does not abuse its discretion in revoking community supervision. Cardona
v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Stevens v. State, 900 S.W.2d 348, 351
(Tex.App.--Texarkana 1995, pet. ref'd). Moreover, proof of any alleged violation of a
condition of community supervision is sufficient to support revocation. Moses v. State, 590
S.W.2d 469, 470 (Tex.Cr.App. 1979). In addition, appellant's plea of "true" to violating
the conditions is alone sufficient to justify the revocation. Cole v. State, 578 S.W.2d 127,
128 (Tex.Cr.App. 1979). Appellant's sole point of error is overruled.

 Accordingly, the judgment of the trial court is affirmed.



 Don H. Reavis

 Justice



Do not publish.



p>
Do not publish.