NO. 07-00-00578-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 2, 2002

_____

ANDRAE DELANE JACKSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 184TH DISTRICT COURT OF HARRIS COUNTY;

NO. 808859; HONORABLE JAN KROCKER, JUDGE;

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Upon hearing evidence that appellant Andrae Delane Jackson had violated the conditions of his community supervision, which had been granted upon a guilty plea to the charge of possession with intent to deliver between four and two hundred grams of cocaine, the trial court revoked community supervision and assessed punishment at six years confinement. By a single point of error, appellant contends the trial court erred by

revoking his community supervision because evidence of mail and telephone communications without evidence of physical contact is insufficient to prove that he failed to avoid persons of disreputable character. Based on the rationale expressed herein, we affirm.

On March 26, 1999, appellant was charged by information with possession with intent to deliver between four and two hundred grams of cocaine. Appellant plead guilty and received a suspended sentence of six years confinement, imposing community supervision for a period of six years. In September 2000, the State filed a motion to revoke appellant's community supervision on the grounds that appellant had failed to avoid persons of disreputable character. At the hearing on the State's motion, the State entered into evidence correspondence between appellant and his former associates, as well as testimony from appellant's community supervision officer stating appellant had admitted such communication. In addition, appellant pled "true" to the allegations in the State's motion.

In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). An abuse of discretion occurs only when the trial judge's decision was so clearly wrong as to lie outside

2

the zone within which reasonable persons might disagree. Cantu v. State, 842 S.W.2d 667, 682 (Tex.Cr.App. 1992). The appellate court views the evidence presented in a revocation proceeding in the light most favorable to the trial court's ruling. Garrett v. State, 619 S.W.2d 172, 174 (Tex.Cr.App. 1981). When there is sufficient evidence to support a finding that a condition of community supervision has been violated by the probationer, the trial court does not abuse its discretion in revoking community supervision. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Stevens v. State, 900 S.W.2d 348, 351 (Tex.App.--Texarkana 1995, pet. ref'd). Moreover, proof of any alleged violation of a condition of community supervision is sufficient to support revocation. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979). In addition, appellant's plea of "true" to violating the conditions is alone sufficient to justify the revocation. Cole v. State, 578 S.W.2d 127, 128 (Tex.Cr.App. 1979). Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice


Do not publish.

3