Lorenza Leon Blaylock Jr. v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-291-CR

Â Â Â Â Â LORENZA LEON BLAYLOCK, JR.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 77th District Court
Freestone County, Texas
Trial Court # 00-056-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â A jury convicted Lorenza Blaylock, Jr. of attempted indecency with a child by sexual contact. 
The trial court sentenced him to seventeen (17) yearsâ imprisonment. In his sole point, Blaylock
argues that the trial court erred in admitting hearsay testimony on two separate occasions.
Excited Utterance
Â Â Â Â Â Â In the first part of point one, Blaylock contends that the trial court erroneously admitted
hearsay testimony under the âexcited utteranceâ exception. Specifically, he urges that the trial
court erred because a significant number of hours had elapsed between the offense and the
purported âexcited utterance.â
Â Â Â Â Â Â âA statement relating to a startling event or condition made while the declarant was under the
stress of excitement caused by the event or conditionâ is an exception to the hearsay rule. Tex.
R. Evid. 803(2). The critical factor in determining when a statement is an excited utterance under
Rule 803(2) is whether the declarant was still dominated by the emotions, excitement, fear, or pain
of the event. See Salazar v. State, 38 S.W.3d 141, 154 (Tex. Crim. App. 2001) (citing
McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992)). It is not dispositive that the
statement is an answer to a question or that it was separated by a period of time from the startling
event. These are simply factors to consider in determining whether the statement is admissible
under the excited utterance exception. See Salazar, 38 S.W.3d at 154; Lawton v. State, 913
S.W.2d 542, 553 (Tex. Crim. App. 1995); McFarland, 845 S.W.2d at 846. We review the
admission of evidence for an abuse of discretion. See Salazar, 38 S.W.3d at 154. That means
we will affirm the trial courtâs decision if it is within âthe zone of reasonable disagreement.â Id.
Â Â Â Â Â Â The record supports the trial courtâs decision to admit the victimâs out-of-court statement. 
The evidence does not show the exact time of the offense, but shows that the attempted indecency
occurred sometime after 6:30 p.m. on May 15. The victimâs purported excited utterance occurred
in the early morning hours of May 16. The victimâs fourteen year-old sister, B.C., testified that
the victim was upset, crying, and acting strangely that morning. B.C. stated that the victim, while
still crying, told her that Blaylock âtook her in the room and pulled down her shorts.â
Â Â Â Â Â Â Statements made while the victim is in the grip of emotion, excitement, fear, or pain which
relate to the exciting event are admissible even after an appreciable time has elapsed between the
exciting event and the making of the statement. See Tejeda v. State, 905 S.W.2d 313, 316 (Tex.
App.âSan Antonio 1995, pet. refâd); see also Zuliani v. State, 52 S.W.3d 825, 828 (Tex.
App.âAustin 2001, pet. granted) (excited utterances made 20 hours after incident admitted);
Snellan v. State, 923 S.W.2d 238, 243 (Tex. App.âTexarkana 1996, pet. refâd) (excited utterance
made approximately 12 hours after sexual assault admitted), abrogated on other grounds by
Howland v. State, 990 S.W.2d 274 (Tex. Crim. App. 1999).
Â Â Â Â Â Â We distinguish our case from Wood v. State, where a similar length of time elapsed before
the victim made the statement at issue. See 18 S.W.3d 642, 652 (Tex. Crim. App. 2000). In
Wood, the victim did not exhibit any signs of excitement or nervousness, and thus the court found
that the statement was not an excited utterance. Id. Here, although as many as twelve hours may
have passed between the attempted indecency and the statement at issue, the evidence supports the
trial courtâs conclusion that the victim woke on the morning of May 16 under the continuous grip
of emotional fear and excitement from the events of the previous night. Because the critical
determination is whether the declarant was still dominated by the emotions, excitement, fear, or
pain of the event, we find the trial court did not abuse its discretion in this case. See Salazar, 38
S.W.3d at 154.
Outcry Statement
Â Â Â Â Â Â In part two of his sole point, Blaylock argues that the trial court erred in admitting outcry
testimony made by the victim to Sonia Echols as an exception to hearsay. Specifically, he urges
that the evidence in question was not a statement âmade to the first person, 18 years of age or
older, other than the defendant, to whom the child made a statement about the offense,â as
required by the statute. See Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon Supp. 2002)
(emphasis added). He argues that Fredonia Echols, and not Sonia Echols, was the âfirst personâ
to hear the victimâs outcry of sexual abuse. 
Â Â Â Â Â Â The evidence shows that, in fact, the victim made a general statement about the attempted
indecency to Fredonia. The morning after the offense occurred, the victim whispered to Fredonia
that Blaylock âpull[ed] her pants down.â Fredonia then testified that the victim did not go into
any detail, and said â[t]hatâs all she said to me.â Blaylock argues that the trial court erred because
the victimâs subsequent statements later that morning describing the attempted indecency to Sonia
Echols were not âmade to the first person . . . to whom the child made a statement about the
offense.â
Â Â Â Â Â Â The Court of Criminal Appeals addressed the same situation in Garcia v. State. See 792
S.W.2d 88, 91 (1990). The Garcia court held:
We believe that the statement must be more than words which give a general allusion
that something in the area of child abuse was going on. In picking the particular wording
of the âfirst personâ requirement, the legislature was obviously striking a balance
between the general prohibition against hearsay and the specific societal desire to curb
the sexual abuse of children. (citation omitted). . . . The portion of the statute catering
to the hearsay prohibition demands that only the âfirst personâ is allowed to testify. But
the societal interest in curbing child abuse would hardly be served if all that âfirst
personâ had to testify to was a general allegation from the child that something in the
area of child abuse was going on at home. Thus we decline to read the statute as meaning
that any statement that arguably relates to what later evolves into an allegation of child
abuse against a particular person will satisfy the requisites of [the statute]. The statute
demands more than a general allusion of sexual abuse.

Id. Here, the trial court ruled that Sonia, not Fredonia, was the outcry witness. An outcry
witness is one to whom the victim has described the offense with more than a general allusion. 
Id.; see also Bradshaw v. State, 65 S.W.2d 232, 240 (Tex. App.âWaco 2001, no pet.). The
record shows that the victimâs statements to Fredonia did not describe the offense in any detail. 
Thus, we find no abuse of discretion by the trial court in its determination that Sonia was the
outcry witness as contemplated by article 38.072. See Garcia,792 S.W.2d at 91; Bradshaw, 65
S.W.3d at 240.
Â Â Â Â Â Â Accordingly, point one is overruled.
Â Â Â Â Â Â The judgment of the trial court is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â REX D. DAVIS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Affirmed
Opinion delivered and filed July 3, 2002
Do not publish
[CR25]


   Â[B]y failing to object to
the terms and conditions of probation at trial, a defendant affirmatively
waives any complaints he may have had.ÂÂ  Rickels v. State,
108 S.W.3d 900, 902 (Tex. Crim. App. 2003).Â  The record does not show that
Sherwood objected to the complained-of condition in the community supervision
order or that he was not given a meaningful opportunity to do so.Â  Point of
error two is not preserved for appellate review.Â  See id.; see also Burton
v. State, No.
10-03-00170-CR, 2004 Tex.
App. LEXIS 9080, at *1 (Tex. App.ÂWaco Oct. 13, 2004, no pet.) (not designated
for publication);Â Â Holt v. State, No.Â  13-08-00040-CR, 2008
Tex. App. LEXIS 7127, at *6-8 (Tex. App.ÂCorpus Christi, Sept. 25, 2008, no
pet.) (not designated for publication).


ADJUDICATION OF
GUILT

Â 

Â Â Â Â Â Â Â Â Â Â Â  In point three, Sherwood contends that
the trial court erroneously adjudicated guilt by relying on his pleas of ÂtrueÂ
to the StateÂs allegations.Â  He cites Stevens
v. State, 900 S.W.2d
348 (Tex. App.ÂTexarkana 1995, pet. refÂd) to support this position.

Â Â Â Â Â Â Â Â Â Â Â  In Stevens, the
Texarkana Court reversed and remanded for imposition of an appropriate sentence
because Âthe courtÂs ruling reflects theÂ courtÂs lack of understanding of
its ability to consider mitigating evidence and its power to then impose
sentence on Stevens for either the original or a shorter term at the revocation
hearing.ÂÂ  Stevens, 900 S.W.2d at 350.Â  Stevens had been
sentenced to ten years community supervision and, after adjudicating guilt, the
trial court stated, ÂIÂm merely revoking his probationÂ and sentenced Stevens
to ten years in prison.Â  Id. at 349-50.

In this case, the trial court stated: ÂBased on your
true plea to items two through six the Court will find those are true and enter
a finding that you are guilty of the offense of aggravated robbery.ÂÂ  Sherwood contends that the case should be
remanded if the trial court
believed it had no authority to continue deferred adjudication and could only
adjudicate guilt.

We cannot say that the trial court believed
it could only adjudicate guilt.Â  At the hearing, defense counsel questioned
Sherwood about his ability to comply if community supervision was reinstated.Â 
The defense argued that Sherwood should receive the opportunity to comply with
the terms of community supervision.Â  Once Sherwood pleaded ÂtrueÂ to the
StateÂs allegations, the trial court was not required to adjudicate guilt and
revoke community supervision, but it was certainly authorized to do so.Â  See Leach, 170 S.W.3d at 672; see also Espinoza v. State, No. 02-08-00402-CR, 2009 Tex. App. LEXIS 5164, at *3-4 (Tex.
App.ÂFort Worth July 2, 2009, no pet.) (not designated for publication) (Â[W]hile the trial court was not required
to adjudicate Appellant, it certainly had the discretion to do so;Â Âonce
Appellant pleaded ÂtrueÂ to one of the alleged violations, the trial court had
the discretion to revoke his community supervision, proceed to adjudication,
and sentence Appellant to a term of confinement.Â).Â  We overrule point of error
three.

DISPROPORTIONATE
SENTENCE

Â Â Â Â Â Â Â Â Â Â Â  In point four, Sherwood
argues that his sentence is cruel and unusual because it is disproportionate to
the underlying offense and violations of community supervision.Â  Sherwood did
not present this issue at trial; thus, it is not preserved for appellate
review.[3]
Â See Steadman v.
State, 160 S.W.3d 582, 586
(Tex. App.ÂWaco 2005, pet. refÂd); see also Thompson v. State, 243
S.W.3d 774, 776 (Tex. App.ÂFort Worth 2007, pet. refÂd).Â  

Â Â Â Â Â Â Â Â Â Â Â  We affirm the trial courtÂs
judgment.

Â 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring with note)*

Affirmed

Opinion
delivered and filed April 21, 2010

Do not publish

[CRPM]

Â 

*Â Â Â Â Â Â Â Â Â Â  (Chief
Justice Gray concurs with the CourtÂs judgment to the extent it affirms the
trial courtÂs judgment.Â  A separate opinion will not issue.Â  He notes, however,
the discussion in regard to issue one is unnecessary to a disposition of this
appeal and as such is dicta and thus he does not join the CourtÂs opinion.)









[1]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Sherwood pleaded
Ânot trueÂ to one of the allegations, which the State waived.

Â 





[2]
Â Â Â Â Â Â Â Â Â  Condition
twenty in the community supervision ordered states in pertinent part:

Â 

[Y]ou shall serve a
term of confinement and treatment in a Substance Abuse Felony Punishment
Facility for not less than ninety days or more than twelve months.Â  You shall
comply with all rules and regulations of the facility, attend and successfully
complete any treatment program, and remain in such facility until discharged by
the Court.Â  On release from the facility you shall fully and conscientiously
participate in a drug or alcohol continuum of care treatment plan as developed
by the Texas Commission on Alcohol and Drug Abuse.

Â 

The State alleged that Sherwood was
Âunsuccessfully discharged from aftercare for failure to attend.Â

Â 





[3] Â Â Â Â Â Â Â Â Â Â Â Â Â  We also note that
SherwoodÂs punishment is within the applicable punishment range.Â  See Tex.
Pen. Code Ann. Â§
29.03 (Vernon 2003); see also Â Tex. Pen. Code Ann. Â§ 12.32 (Vernon Supp. 2009); Ex parte Reposa, No. AP-75,965, 2009 Tex. Crim.
App. Unpub. LEXIS 725, at *41-43 (Tex. Crim. App. Oct. 28, 2009); Gaines v. State, 479 S.W.2d 678, 679 (Tex. Crim.
App. 1972).