IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00256-CR

 

Jason Corey York,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 220th District Court

Bosque County, Texas

Trial Court No. 97-08-12099-BCCR

 



MEMORANDUM  Opinion










 

      York appeals the revocation of his
community supervision for aggravated assault.  See Tex. Penal Code Ann. § 22.02(a) (Vernon Supp. 2006).  We affirm.

      In York’s first issue, he contends that
his “right to due process of law was violated, where the court failed to
recognize its authority to reduce [York]’s sentence.”  (Br. at 2 (citing Stevens v. State, 900 S.W.2d 348 (Tex. App.—Texarkana 1995, pet. ref’d).)  York argues that the trial court was unaware of its power, on revocation of community
supervision, to “reduce the term of confinement originally assessed to any term
of confinement not less than the minimum prescribed for the offense of which
the defendant was convicted.”  See Tex.
Code Crim. Proc. Ann. art. 42.12, § 23(a) (Vernon Supp. 2006).  We
assume without deciding that York preserved his complaint.  See Tex. R. App. P. 33.1(a).  In support, York points only to the trial court’s statement, “I am going to find the allegations are
true, revoke your probation, sentence you back to T.D.C. for the balance of the
sentence that was suspended by this court . . . .”  (Br. at 4 (quoting R.R. 72).)  York fails to establish that the trial court was unaware of
its power.  We overrule York’s first issue.

      In York’s second issue, he contends that
“[t]he evidence was insufficient to establish appellant committed a criminal
offense while on supervision.”  (Br. at 5.)  “When an appellant does not
challenge all of the grounds on which the trial court revokes community
supervision, the court should be affirmed.”  Graham v. State, No.
10-03-00231-CR, 2004 Tex. App. LEXIS 11704, at *1-*2 (Tex. App.—Waco Dec. 22,
2004, pet. dism’d & pet. ref’d, untimely filed) (not designated for
publication) (mem. op.); see Elam v. State, No. 10-03-00204-CR, 2005
Tex. App. LEXIS 109, at *1, *3 (Tex. App.—Waco Jan. 5, 2005, no pet.) (not
designated for publication) (mem. op.).  The trial court revoked York’s community supervision on the five grounds alleged in the State’s motion to revoke,
including, besides the commission of a criminal offense, the failure to pay community
supervision fees, fines and restitution, and failure to complete community
service.  See Tex. Code Crim.
Proc. Ann. art. 42.12, § 11(a)(1), (8), (10) (Vernon Supp. 2006).  York complains of the evidence of only the first of those grounds.  We overrule York’s second issue.

      Having
overruled York’s issues, we affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Opinion
delivered and filed August 16, 2006

Do
not publish

[CR25]