NO. 07-08-0193-CR

NO. 07-08-0194-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 19, 2009

_____

RAFAEL FISCAL, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NOS. 5022 & 5076; HONORABLE RICHARD DAMBOLD, JUDGE[1]

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On November 8, 2007, in Cause No. 5022, Appellant, Rafael Fiscal, Jr., pled guilty

to possession of a controlled substance in an amount of less than one gram, enhanced by

_____

[1]Sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(3) (Vernon 2005).

two prior felony convictions, and pursuant to a plea bargain was sentenced to ten years in prison, with the period of confinement suspended in favor of ten years of community supervision. On the same day, Appellant also pled guilty to possession of a controlled substance in an amount of four grams or more but less than two hundred grams with intent to deliver and was sentenced to ten years deferred adjudication community supervision in Cause No. 5076. The trial court ordered that the two periods of community supervision would run concurrent.

In January 2008, the State filed motions to revoke Appellant's community supervision in Cause Nos. 5022 and 5076[2] alleging Appellant violated the terms and conditions of his community supervision in each case by using a controlled substance–methamphetamine. On April 4, 2008, the trial court held a hearing on the State's motions and revoked Appellant's community supervision. The trial court sentenced Appellant to confinement under two, ten year sentences to run concurrently. Appellant appealed. We consolidated these appeals because the circumstances underlying the trial court's revocation of Appellant's community supervision is the same in both cases.

Appellant's first four points of error can be distilled to a single issue, *i.e.,* whether the trial court abused its discretion by finding the State produced sufficient evidence to show that Appellant knowingly and intentionally consumed methamphetamine on or about December 6, 2007. Appellant's fifth point of error asks whether the trial court abused its

---

[2]In Cause No. 5076, the State also sought an adjudication of guilt.

discretion by permitting the State's witness to compare two sets of fingerprints in order to identify Appellant as the person convicted of forgery in 2003 for punishment purposes. We affirm.[3]

## Background

In Cause Nos. 5022 and 5076, the State filed motions to revoke Appellant's community supervision because he used a controlled substance "on or about December 6, 2007" in violation of his Orders of Community Supervision. Condition Twelve of Appellant's Orders of Community Supervision required him to abstain from the use of narcotics or any controlled substance in any form and at any time, unless taken under the direction of a physician.

At the hearing, Marcy Mills, a probation officer for the 100th Judicial District Adult Probation Department, testified that, on December 3, 2007, Appellant reported in accordance with the terms of his Orders of Community Supervision. At her request, Gary

---

[3]In this proceeding, the State did not file a brief nor request additional time to do so. Accordingly, we have conducted an independent analysis of the merits of appellant's claim of error, limited to the arguments raised at trial by the State, to determine if there was error. *See Little v. State*, 246 S.W.3d 391, 397-98 (Tex.App.–Amarillo 2008, no pet.) (collected cases cited therein). The decision to independently review the merits of Appellant's issues should not be construed as an approval of the State's failure to file a brief. Although the State is not required to file a brief, the failure to do so requires this Court to expend valuable judicial resources to determine the parameters of the arguments presented to this Court for consideration.

Martin, a probation officer, obtained a urine sample from Appellant and submitted the sample for testing.

Dr. John Laseter, Laboratory Director for Accu-Chem Laboratories, testified that Appellant's urine sample tested positive for amphetamine and methamphetamine. On cross-examination, he also testified that a sample taken on December 3, 2007, could not be tested to determine whether an individual had consumed amphetamines on December 6, 2007.

Deputy Danny Gillem, Chief Deputy for the Childress County Sheriff's Department, compared Appellant's fingerprints taken the day of the hearing with a fingerprint on a judgment of conviction on a forgery offense issued on March 24, 2003, and opined that the fingerprint on the judgment was Appellant's fingerprint. Deputy Gillem also testified that he had been with the Childress County Sheriff's Department three years and, during that time, had completed forty hours of basic and intermediate study in fingerprint comparison courses. He also compared fingerprints for the Sheriff's Department using a computerized fingerprint retrieval system. This was the first time that Deputy Gillem testified in court.

At the conclusion of the hearing, the trial court determined that Appellant had violated the terms of his community supervision, whereupon the court revoked his community supervision in Cause No. 5022, revoked his deferred adjudication in Cause No. 5076, adjudicated him guilty of the offense charged in Cause No. 5076, and then

4

proceeded to sentence him to two, ten year sentences to run concurrently. In addition, the trial court fined Appellant $1500. Thereafter, Appellant appealed.

## Discussion

Appellant contends the State failed to establish he had consumed methamphetamine, on or about December 6, 2007, because the State's only evidence was a sample taken on December 3, 2007, and tested December 6, 2007. Appellant next asserts the trial court abused its discretion by permitting Deputy Gillem to offer an opinion on fingerprint comparison because he was not qualified by the State as an expert.

### I.     Standard of Review

A probation revocation proceeding is neither a criminal nor a civil trial, but is rather an administrative proceeding. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). In a revocation proceeding, the State bears the burden to prove its allegations by a preponderance of evidence. *Id.* at 874. When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492 (Tex.Crim.App. 1984). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling, *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979), while recognizing that

the trial court determines the credibility of the witnesses. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex.Crim.App. 1981).

## II. Methamphetamine Consumption

When an indictment alleges a crime occurred "on or about" a particular date, the State may prove the offense occurred on a date other than the date specifically alleged in the indictment so long as the date is anterior to the presentment of the indictment and within the statutory limitation period. *Sledge v. State*, 953 S.W.2d 253, 256 (Tex.Crim.App. 1997). The primary purpose of specifying a date "is not to notify the accused of the date of the offense." *Garcia v. State*, 981 S.W.2d 683, 686 (Tex.Crim.App. 1998). Rather, the date is intended to show that the prosecution is not barred by the statute of limitations and provide the defendant with sufficient notice to prepare an adequate defense. *Id.*

Here, Appellant tested positive for methamphetamine consumption that occurred anterior to the date specified in the State's motion to revoke. Moreover, evidence of a positive urine sample is sufficient to establish that Appellant failed to abstain from use of a controlled substance as required by his Orders of Community Supervision. *See Stevens v. State*, 900 S.W.2d 348, 352 (Tex.App.–Texarkana 1995, pet. ref'd). Hence, we find that the trial court did not abuse its discretion in finding that Appellant had violated the terms and conditions of his community supervision and overrule Appellant's first four points of error.

### III.  Fingerprint Comparison

We also review a trial court's decision to admit or exclude evidence for abuse of discretion, *Page v.* State, 213 S.W.3d 332, 337 (Tex.Crim.App. 2006), and "will uphold a trial court's ruling on admissibility of evidence as long as the trial court's ruling was at least within the zone of reasonable disagreement." *Id.  See Hernandez v. State*, 205 S.W.3d 555, 558 (Tex.App.--Amarillo 2006, pet. ref'd).  Given Deputy Gillem's qualifications, *supra* at p. 3*,* we cannot say that the trial court ventured outside the zone of reasonable disagreement by permitting Deputy Gillem to render an opinion based upon the comparison of two sets of fingerprints.

Accordingly, Appellant's fifth point of error is overruled.

### Conclusion

We affirm the judgments of the trial court.

Patrick A. Pirtle
Justice

Do not publish.