

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00114-CR

**MATTHEW C. SHERWOOD,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

**From the 220th District Court
Bosque County, Texas
Trial Court No. 06-08-14013-BCCR**

## MEMORANDUM OPINION

Matthew Charles Sherwood pleaded guilty to aggravated robbery and was placed on community supervision. The State later moved to revoke, alleging six violations of community supervision. Sherwood pleaded "true" to the State's allegations.[1] The trial court revoked Sherwood's community supervision and sentenced him to twenty years in prison. On appeal, Sherwood contends that the trial court erred by revoking his community supervision because: (1) the State failed to show that he

---

[1] Sherwood pleaded "not true" to one of the allegations, which the State waived.

willfully failed to pay fines and costs; (2) the community supervision order was not specific enough; (3) the trial court erroneously relied on the assumption that guilt must be adjudicated; and (4) his sentence is cruel and unusual. We affirm.

## PAYMENT OF FINES, FEES, AND COSTS

In point one, Sherwood contends that the trial court erred by revoking his community supervision for failure to pay court-ordered fines, fees, and costs because the State failed to establish that he willfully failed to pay.

Article 42.12 § 21(c) of the Code of Criminal procedure addresses a defendant's inability to pay. The former version of this statute provided:

> In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, court costs, restitution, or reparations, the inability of the defendant to pay as ordered by the judge is an affirmative defense to revocation, which the defendant must prove by a preponderance of evidence.

*See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3740 (amended 2007) (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (Vernon Supp. 2009)). The current version of the statute provides:

> In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, or court costs, the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c). Thus, inability to pay is no longer an affirmative defense and the statute no longer applies to restitution or reparations. *See*

*id.*; *see also Sierra v. State*, No. 03-08-00664-CR, 2009 Tex. App. LEXIS 7172, at \*8-9 (Tex. App.—Austin Aug. 26, 2009, no pet.) (not designated for publication). Because Sherwood's revocation hearing was held after the effective date of the amendment, we will apply the current version of the statute. *See* Act of May 17, 2007, 80th Leg., R.S., ch. 604, § 2, 2007 Tex. Gen. Laws 1162; *see also Sierra*, 2009 Tex. App. LEXIS 7172, at \*8.

Under the current statute, the State must prove that the defendant had the ability to pay and did not pay the court-ordered appointed counsel fees, community supervision fees, and/or court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c); *see also Sierra*, 2009 Tex. App. LEXIS 7172, at \*8; *Hood v. State*, No. 12-08-00366-CR, 2009 Tex. App. LEXIS 9695, at \*4-5 (Tex. App.—Tyler Dec. 23, 2009, no pet.) (not designated for publication). With regard to court-ordered restitution and fines, the State need only show that the defendant did not pay. *See Sierra*, 2009 Tex. App. LEXIS 7172, at \*8-9; *see also Hood*, 2009 Tex. App. LEXIS 9695, at \*4 ("As the statute is presently written, the state must show a defendant's ability to pay only when it seeks to revoke community supervision for nonpayment of compensation to counsel, community supervision fees, and court costs.").

The State alleged violations for failure to pay court costs, supervision fees, the assessed fine, and court appointed attorney's fees. Sherwood testified that he did not willingly or intentionally fail to pay, but was unable to pay. His inability to pay, however, is irrelevant to the failure to pay the court-ordered fine. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c); *see also Sierra*, 2009 Tex. App. LEXIS 7172, at \*9. The State proved, through Sherwood's testimony admitting his failure to make any of the

required payments, that he did not pay this fine. Under the current version of section 21(c), this is all the State needed to prove. *See Sierra*, 2009 Tex. App. LEXIS 7172, at *8-9; *see also Hood*, 2009 Tex. App. LEXIS 9695, at *4. Accordingly, Sherwood cannot "successfully challenge each finding on which the revocation is based." *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, pet. dism'd); *see Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd). We need not address his argument regarding the State's remaining allegations. *See Sierra*, 2009 Tex. App. LEXIS 7172, at *9. We overrule point of error one.

## SPECIFICITY OF COMMUNITY SUPERVISION ORDER

In point two, Sherwood contends that the aftercare condition in the community supervision order was not specific enough to be enforceable and was an improper delegation of authority.[2] The State argues that Sherwood failed to preserve this issue for appellate review. We agree.

"[B]y failing to object to the terms and conditions of probation at trial, a defendant affirmatively waives any complaints he may have had." *Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003). The record does not show that Sherwood

---

[2] Condition twenty in the community supervision ordered states in pertinent part:

> [Y]ou shall serve a term of confinement and treatment in a Substance Abuse Felony Punishment Facility for not less than ninety days or more than twelve months. You shall comply with all rules and regulations of the facility, attend and successfully complete any treatment program, and remain in such facility until discharged by the Court. On release from the facility you shall fully and conscientiously participate in a drug or alcohol continuum of care treatment plan as developed by the Texas Commission on Alcohol and Drug Abuse.

The State alleged that Sherwood was "unsuccessfully discharged from aftercare for failure to attend."

objected to the complained-of condition in the community supervision order or that he was not given a meaningful opportunity to do so. Point of error two is not preserved for appellate review. *See id.; see also Burton v. State*, No. 10-03-00170-CR, 2004 Tex. App. LEXIS 9080, at *1 (Tex. App.—Waco Oct. 13, 2004, no pet.) (not designated for publication); *Holt v. State*, No. 13-08-00040-CR, 2008 Tex. App. LEXIS 7127, at *6-8 (Tex. App.—Corpus Christi, Sept. 25, 2008, no pet.) (not designated for publication).

## ADJUDICATION OF GUILT

In point three, Sherwood contends that the trial court erroneously adjudicated guilt by relying on his pleas of "true" to the State's allegations. He cites *Stevens v. State*, 900 S.W.2d 348 (Tex. App.—Texarkana 1995, pet. ref'd) to support this position.

In *Stevens*, the Texarkana Court reversed and remanded for imposition of an appropriate sentence because "the court's ruling reflects the court's lack of understanding of its ability to consider mitigating evidence and its power to then impose sentence on Stevens for either the original or a shorter term at the revocation hearing." *Stevens*, 900 S.W.2d at 350. Stevens had been sentenced to ten years community supervision and, after adjudicating guilt, the trial court stated, "I'm merely revoking his probation" and sentenced Stevens to ten years in prison. *Id*. at 349-50.

In this case, the trial court stated: "Based on your true plea to items two through six the Court will find those are true and enter a finding that you are guilty of the offense of aggravated robbery." Sherwood contends that the case should be remanded if the trial court believed it had no authority to continue deferred adjudication and could only adjudicate guilt.

We cannot say that the trial court believed it could only adjudicate guilt. At the hearing, defense counsel questioned Sherwood about his ability to comply if community supervision was reinstated. The defense argued that Sherwood should receive the opportunity to comply with the terms of community supervision. Once Sherwood pleaded "true" to the State's allegations, the trial court was not required to adjudicate guilt and revoke community supervision, but it was certainly authorized to do so. *See Leach*, 170 S.W.3d at 672; *see also Espinoza v. State*, No. 02-08-00402-CR, 2009 Tex. App. LEXIS 5164, at *3-4 (Tex. App.—Fort Worth July 2, 2009, no pet.) (not designated for publication) ("[W]hile the trial court was not *required* to adjudicate Appellant, it certainly had the discretion to do so;" "once Appellant pleaded 'true' to one of the alleged violations, the trial court had the discretion to revoke his community supervision, proceed to adjudication, and sentence Appellant to a term of confinement."). We overrule point of error three.

**DISPROPORTIONATE SENTENCE**

In point four, Sherwood argues that his sentence is cruel and unusual because it is disproportionate to the underlying offense and violations of community supervision. Sherwood did not present this issue at trial; thus, it is not preserved for appellate review.[3] *See Steadman v. State*, 160 S.W.3d 582, 586 (Tex. App.—Waco 2005, pet. ref'd); *see also Thompson v. State*, 243 S.W.3d 774, 776 (Tex. App.—Fort Worth 2007, pet. ref'd).

We affirm the trial court's judgment.

---

[3] We also note that Sherwood's punishment is within the applicable punishment range. *See* TEX. PEN. CODE ANN. § 29.03 (Vernon 2003); *see also* TEX. PEN. CODE ANN. § 12.32 (Vernon Supp. 2009); *Ex parte Reposa*, No. AP-75,965, 2009 Tex. Crim. App. Unpub. LEXIS 725, at *41-43 (Tex. Crim. App. Oct. 28, 2009); *Gaines v. State*, 479 S.W.2d 678, 679 (Tex. Crim. App. 1972).

FELIPE REYNA
Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
        (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed April 21, 2010
Do not publish
[CRPM]

*        (Chief Justice Gray concurs with the Court's judgment to the extent it affirms the trial court's judgment.  A separate opinion will not issue.  He notes, however, the discussion in regard to issue one is unnecessary to a disposition of this appeal and as such is dicta and thus he does not join the Court's opinion.)