

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00082-CR

_____

LUIS MIGUEL MARSH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 0921391

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Luis Miguel Marsh pled guilty to the offense of indecency with a child and was placed on deferred adjudication community supervision for a period of ten years.[1] Eight months later, the State filed a motion to proceed with adjudication of guilt, alleging that Marsh violated the terms and conditions of his community supervision on grounds that he failed to abstain from the possession or consumption of alcohol, committed the offense of driving while intoxicated (DWI), and failed to report to his community supervision officer within forty-eight hours of his arrest.[2] After a contested hearing, the trial court adjudicated him guilty of indecency with a child, revoked Marsh's community supervision, and sentenced him to ten years' imprisonment. Marsh appeals the trial court's judgment on the grounds that the evidence was legally insufficient to revoke his community supervision and that the sentence imposed constituted cruel and unusual punishment. We affirm the judgment of the trial court.

## I. The Evidence Was Sufficient

Considering the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing sufficiency do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). Instead, we review the trial court's decision to revoke Marsh's community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.). The trial court did not abuse its

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2012).

[2] The State also alleged that Marsh failed to make payments on various fees described in the terms and conditions of his community supervision. However, the trial court did not find that Marsh had violated terms related to payment of fees.

discretion if the order revoking community supervision was supported by a preponderance of the evidence, or, in other words, if the greater weight of the credible evidence would create a reasonable belief that Marsh had violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 763–64; *T.R.S.*, 115 S.W.3d at 320.

In conducting our review, we view the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *T.R.S.*, 115 S.W.3d at 321; *Pierce*, 113 S.W.3d at 436 (citing *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981)). If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *T.R.S.*, 115 S.W.3d at 321 (citing *Stevens v. State*, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995, pet. ref'd)).

In a community supervision revocation hearing, the trial court is the sole trier of fact and determines the credibility of the witnesses and the weight to be given their testimony. *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). The court may accept or reject any or all of the witness' testimony. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987). The State is required to sustain the burden of proving the allegations of the motion to revoke community supervision. *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974).

At the revocation hearing, Marsh's community supervision officer, Joseph Flemens, testified that he received a report indicating that Marsh was arrested on October 20, 2011, for the offense of DWI. Officer Tim Cordell testified that he stopped a vehicle being driven by Marsh,

3

the sole occupant in the car, after witnessing the vehicle strike a curb while turning into a McDonald's parking lot. Cordell noticed that Marsh "fumbled through his wallet" and "was having a difficult time retrieving" his driver's license from the wallet after being asked for identification. According to Cordell, Marsh "seemed disoriented." Cordell asked Marsh if he had consumed alcohol, and Marsh responded, "Not much."[3] Marsh exited the vehicle so that sobriety tests could be performed, but "had to use his left arm to grasp the Pontiac to steady himself as he walked." Cordell testified that the horizontal gaze nystagmus, walk-and-turn, and one-leg-stand tests indicated that Marsh was intoxicated.

Marsh contends that the evidence was insufficient to revoke his community supervision because no blood-alcohol test was offered at trial, and the DWI charge was subsequently dismissed. However, based on Cordell's testimony recited above, which included Marsh's admission that he had consumed alcohol, we conclude that the greater weight of the credible evidence would create a reasonable belief that Marsh had violated the first two conditions of his community supervision. Thus, the trial court did not abuse its discretion in adjudicating Marsh's guilt and revoking his community supervision.

Marsh's first point of error is overruled.

## II. The Issue of Cruel and Unusual Punishment Was Not Preserved

Marsh argues that, although the sentence imposed was within the range of punishment authorized by the Texas Legislature, the sentence violated Marsh's right to be free from cruel and unusual punishment due to the following reasons:

---

[3]Marsh also told Cordell that he was taking "Ambien and antidepressants."

> Appellant is a war veteran suffering from mental and emotional issues resulting from war time service. He was receiving treatment for alcohol abuse from the Veteran's Administration, and was waiting for an opening at a facility for further treatment when he was arrested. . . . Appellant does not need to be incarcerated for his condition, rather he needs medical treatment, which he would have received from the Veteran's Administration. Therefore, the Court should reverse and remand due to a sentence which constitutes cruel and unusual punishment.

To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Noland v. State*, 264 S.W.3d 144, 152 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *see Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); TEX. R. APP. P. 33.1. This is because "[a] constitutionality challenge based on application to the defendant's case cannot be raised for the first time on appeal." *Fluellen v. State*, 104 S.W.3d 152, 167 (Tex. App.—Texarkana 2003, no pet.) (citing *Briggs v. State*, 789 S.W.2d 918, 923 (Tex. Crim. App. 1990); *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.)); *see Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994).

Our review of the record confirms that Marsh failed to raise the issue of cruel and unusual punishment in the trial court.[4] Therefore, no error is preserved for our review.

Marsh's last point of error is overruled.

---

[4] Marsh's generalized motion for new trial failed to raise this issue.

## III.    Conclusion

We affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted:    March 13, 2013
Date Decided:    March 20, 2013

Do Not Publish