Barry Eugene **DODSON**, Appellant,

v.

**STATE** of Texas, Appellee.

No. C14–84–473CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 21, 1985.

Anthony Osso, Houston, for appellant.

James Brough, Asst. Dist. Atty., Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from an order revoking probation. Appellant pled guilty to felony burglary of a habitation. He was sentenced on March 14, 1983, to five years in the Texas Department of Corrections. On June 16, 1983, his motion for shock probation was granted. On June 22, 1984, the court heard and granted the state's motion to revoke probation.

In his first ground of error appellant complains that the trial court did not specify in writing the facts and grounds upon which probation was revoked. Appellant filed on the day of the revocation hearing a request that written findings of fact and grounds be filed by the court. The court granted the motion, but no written findings had been filed by the time appellant submitted his brief on appeal.

After appellant's brief was filed, this court granted the state's motion to supplement the record. The supplemental

record contains an order correcting the record on appeal in compliance with Tex. Code Crim.Proc.Ann. art. 40.09, § 7 (Vernon Supp.1985), and "Findings of Facts and Specifications of Grounds Upon Which Probation is Revoked" signed January 4, 1984. There is no indication in the record that appellant made any objection to this procedure. Because the requested findings are now in the record the first ground of error is overruled.

 Appellant's second ground of error states: "The trial court erred in revoking appellant's probation on the basis of his failure to complete high school or obtain a G.E.D." The written findings and grounds filed by the court clearly show that probation was revoked for (1) failure to report to the probation officer (2) failure to pay costs of court and (3) failure to pay a probation supervisory fee. The findings make no mention of failure to obtain a G.E.D. The second ground of error is overruled.

The third ground of error concerns the testimony of the single witness at the hearing, a probation officer. Near the beginning of his questioning the prosecutor established that the probation file in the officer's possession was (1) a business record kept in the ordinary course of business of the Harris County Adult Probation Department, (2) made by someone with personal knowledge of the events the record describes and (3) made directly after the events noted in the file. *See* Business Record Act, Tex.Rev.Civ.Stat.Ann. art. 3737e, § 1 (Vernon Supp.1985). It is obvious from the statement of facts that the probation officer was referring to the probation file to answer all the questions asked by the prosecution concerning appellant's failure to report or pay the necessary fees.

Appellant's counsel made the following objection: "The witness is utilizing a file in his possession to answer the questions and any information contained in those files would be hearsay until such time as it was admitted into evidence." Essentially the same objection was made periodically throughout the officer's testimony.

The probation file is hearsay, but it is admissible hearsay because it fell under the business record exception to the hearsay rule. The only objection available to appellant was that the file itself was the best evidence of its contents. This is not the objection made at the hearing or on appeal.

Even if the objection made did raise the best evidence rule, the file did not have to be physically introduced into evidence, but could be read into evidence. *Lumpkin v. State*, 524 S.W.2d 302, 304 (Tex.Crim.App.1975), *Williams v. State*, 508 S.W.2d 83 (Tex.Crim.App.1974). When it is obvious that the witness is testifying from the record, the rule requiring production of the record is complied with if the record is produced and accounted for and available for defendant's counsel. *Alvarez v. State*, 508 S.W.2d 100, 102 (Tex.Crim. App.1974), *Cozby v. State*, 506 S.W.2d 589, 591 (Tex.Crim.App.1974). The third ground of error is overruled.

Finding no reversible error, the order revoking probation is affirmed.