**Delmar Lee REYNOLDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–87–047–CR.**

Court of Appeals of Texas,
Texarkana.

March 8, 1988.

Clifton Holmes, Longview, for appellant.

William K. Gleason, Dist. Atty.'s Office, Longview, for appellee.

CORNELIUS, Chief Justice.

Delmar Reynolds appeals the revocation of his probation.

The underlying conviction was for involuntary manslaughter, and punishment was ten years' confinement, probated. On motion of the State alleging that Reynolds intentionally threatened his estranged wife, Karen, by striking her automobile and attempting to force her off the highway, the district court revoked Reynolds' probation.

Reynolds contends that the State failed to prove the allegations of the motion to revoke by a preponderance of the evidence, and that revocation was therefore an abuse of the district court's discretion. We overrule this contention and affirm the judgment.

The motion to revoke alleged that:

The Defendant, DELMAR LEE REYNOLDS, violated Provision (1) of his probation in that on or about the 2nd day of June, 1987, in the County of Smith and State of Texas, the said defendant, did then and there intentionally and knowingly threaten KAREN REYNOLDS with imminent bodily injury by striking the automobile driven by KAREN REYNOLDS with the automobile driven by DELMAR LEE REYNOLDS and by trying to force the automobile driven by KAREN REYNOLDS off the road with the automobile driven by DELMAR LEE REYNOLDS.

The allegation charged an assault as defined by Tex.Penal Code Ann. § 22.01(a)(2) (Vernon Supp.1988). Evidence at the revocation hearing was that Reynolds waited until his wife drove by on her way to get their child, and when she passed him, he drove onto the busy highway and began following her. When she slowed for a red light, he ran his automobile into the rear of her automobile. He then pulled alongside her as they both proceeded down the highway. Several times, Reynolds turned his vehicle into the lane where his wife was driving or toward her, attempting to strike her automobile or run her off the road, or both. Mrs. Reynolds testified that had she not taken evasive action Reynolds would have collided with her. Mrs. Reynolds further testified that her husband had threatened to harm or kill her, and that his actions on the highway placed her in fear of imminent bodily injury. Reynolds admitted that he bumped his wife's automobile attempting to get her attention, but denied that he had tried to run her off the highway.

Intentionally driving an automobile in an assaultive manner which threatens imminent bodily injury to another constitutes an assault. Tex.Penal Code Ann. § 22.01(a)(2); *see Hare v. State*, 713 S.W.2d 396 (Tex.App.–El Paso 1986, pet. ref'd).

Proof by a preponderance of the evidence that a probationer violated one of the conditions of his probation is sufficient to justify the court in revoking such probation. *Anderson v. State*, 621 S.W.2d 805 (Tex.Crim.App. [Panel Op.] 1981). Appellate review of an order revoking probation

is limited to determining if the trial court abused its discretion, and when there is factually sufficient evidence to support a finding that a condition of probation has been violated the trial court does not abuse his discretion in revoking probation. *Cardona v. State,* 665 S.W.2d 492 (Tex.Crim. App.1984).

One of the conditions of Reynolds' probation was that he commit no offense against the laws of the State of Texas. There is sufficient evidence to justify a finding that Reynolds violated that condition, so there is no abuse of discretion.

The judgment of the district court is affirmed.