NUMBER 13-10-00478-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

BRIAN ALONZO FORD,                                                               Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 24th
District Court

of DeWitt County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Justices
Garza, Vela, and Perkes

Memorandum Opinion by
Justice Garza

 

            Appellant, Brian Alonzo
Ford, appeals from the trial court’s revocation of his “regular” community
supervision.[1] 
By a single issue, appellant contends that the trial court erred in admitting
State’s Exhibit 1, a “Chronological Record of Contacts,” into evidence at his
revocation hearing.  We affirm.

I. 
Background

            On December 16, 2009,
pursuant to a plea-bargain agreement, appellant pleaded guilty to the
third-degree felony offense of bail jumping and failure to appear.[2] 
The trial court sentenced him to ten years’ imprisonment and assessed a $1,000
fine, suspended the prison sentence, and placed him on community supervision
for five years.  

            On April 29, 2010, the
State filed a motion to revoke appellant’s community supervision, alleging
numerous violations, including that he:  (1) failed to report to the
supervision department during January, February, and March, 2010 (as alleged in
paragraph II of the State’s motion); (2) failed to provide a urine sample for
drug-screening purposes (paragraph III); and (3) refused to be transported to a
State Contracted Intermediate Sanction Facility (paragraph VI).  Appellant pleaded
“not true” to the State’s allegations.  Following a hearing on August 5, 2010,
the trial court found the allegations in paragraphs II, III, and VI of the
State’s motion to be “true,” revoked appellant’s community supervision, and
sentenced him to seven years’ imprisonment.

II. 
Standard of Review and Applicable Law

            In a
community supervision revocation hearing, the State need only prove its
allegations by a preponderance of the evidence.  Jones v. State, 112
S.W.3d 266, 268 (Tex. App.–Corpus Christi 2003, no pet.); Herrera v. State,
951 S.W.2d 197, 199 (Tex. App.–Corpus Christi 1997, no pet.) (citing Cobb v.
State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993)).  This standard is met
when the greater weight of the credible evidence creates a reasonable belief
that the defendant violated a condition of probation as the State alleged.  In
the Interest of B.C.C., 187 S.W.3d 721, 724 (Tex. App.–Tyler 2006, no pet.)
(citing Cobb, 851 S.W.2d at 873); see also In re M.A.H., No.
13-07-426-CV, 2008 Tex. App. LEXIS 6864, at *3-4 (Tex. App.–Corpus Christi Aug.
28, 2008, no pet.) (mem. op.).  Appellate review of an order revoking community
supervision is limited to a determination of whether the court abused its
discretion.  Canseco v. State, 199 S.W.3d 437, 439 (Tex. App.–Houston
[1st Dist.] 2006, pet. ref’d).  A single violation of a probation condition is
sufficient to support the trial court's decision to revoke probation.  Id. 

            The trial
court is the trier of facts in a revocation proceeding and the sole judge of
the credibility of witnesses and the weight to be given to the testimony.  Id. 
We examine the record of the revocation proceeding in the light most
favorable to the trial court's ruling.  Id. 

            An
appellate court may not disturb a trial court's evidentiary rulings absent an
abuse of discretion.  Winegarner v. State, 235 S.W.3d 787, 790 (Tex.
Crim. App. 2007).  In other words, as long as the trial court's decision was
within the zone of reasonable disagreement and was correct under any theory of
law applicable to the case, it must be upheld.  Id. (citing Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)).  This
is so because trial courts are usually in the best position to determine
whether certain evidence should be admitted or excluded.  Id.

III. 
Discussion

            Appellant contends
that the trial court erred in admitting State’s Exhibit 1 at the revocation
hearing.  State’s Exhibit 1 is a six-page printout documenting a record of the
community supervision department’s contacts or attempted contacts with
appellant.

            The only
witness at the revocation hearing was Mark Angell, the probation officer who
interviewed and processed appellant when he was placed on community
supervision.  At the hearing, Officer Angell consulted the “Chronological
Record of Contacts” in appellant’s file regarding the community supervision
department’s attempts to contact appellant.  Over appellant’s objections, the
trial court admitted State’s Exhibit 1.  

            Appellant
argues that the trial court erred in admitting State’s Exhibit 1 because the
State failed to lay the proper predicate for admitting the chronological record
as a business record under rule of evidence 803(6).  See Tex. R. Evid. 803(6).  Appellant
contends that the trial court “could not and/or would not have revoked [his]
probation but for considering” State’s Exhbit 1.  We find appellant’s argument
to be without merit.

            In Canseco,
the First Court of Appeals addressed a very similar argument:  that the trial
court abused its discretion in allowing a probation officer to testify from a
probation file because the officer did not have personal knowledge of the
contents of the file.  See Canseco, 199 S.W.3d at 439.  The First Court
rejected the appellant’s argument, noting:

"To authenticate a record of a
regularly conducted activity, . . . Rule 803(6) does not require that the
person authenticating the record be either the creator of the record or to have
personal knowledge of the information recorded therein."  Desselles v.
State, 934 S.W.2d 874, 876 (Tex. App.–Waco 1996, no pet.).  Rather, the
testifying witness need only have knowledge of how the record was prepared.  Id.
 Thus, the Court of Criminal Appeals has determined that a probation file is
admissible as a business record, even though the testifying witness does not
have personal knowledge of the entries in the file, so long as the personnel
who made the entries did have personal knowledge of the facts therein.  Simmons
v. State, 564 S.W.2d 769, 770 (Tex. Crim. App. 1978); see also Dodson
v. State, 689 S.W.2d 483, 485 (Tex. App.–Houston [14th Dist.] 1985, no
pet.) (holding that, where proper predicate is laid, probation file is
admissible as business record).  Here, although Attebury did not have personal
knowledge of all the entries in Canseco's probation file, he testified that
Hill prepared the file and had personal knowledge of the facts she recorded in
the file.  The State therefore laid the proper predicate for admission of the probation
file as a business record under Rule 803(6). See Desselles, 934 S.W.2d
at 876.

 

Id. at 440.  

            In the
present case, Officer Angell testified that the chronological record is a
computer printout of notes that he entered into the computer documenting
contacts or attempted contacts with appellant.  He testified that the
information in the chronological record is taken in the ordinary course of
being a probation officer, that he is one of the custodians of such business
records, and that, unlike in Canseco, he made the entries, printed out
the record, and made hand-written notes on it.  We conclude that the State laid
the proper predicate for admission of State’s Exhibit 1 as a business record
under rule 803(6).  See id.  Accordingly, the trial court did not abuse
its discretion in admitting State’s Exhibit 1. 

            Moreover, we note
that Officer Angell testified, without objection, that appellant violated the
terms of his community supervision by failing to report to the community
supervision department as directed, failing to pay costs and fees, refusing to
provide a requested sample for alcohol and drug testing, and refusing to be
transported to a State
Contracted Intermediate Sanction Facility.  Thus, even if we do not consider State’s
Exhibit 1, Officer Angell’s testimony regarding any single violation of the
terms of appellant’s community supervision was sufficient to support the trial
court’s decision to revoke.  See id. at 439.  Thus, any error in
admitting State’s Exhibit 1 is harmless.  See Tex. R. App. P. 44.2(b); Crocker v. State, 573 S.W.2d
190, 201 (Tex. Crim. App. 1978) (noting that "[i]t is well established
that the improper admission of evidence does not constitute reversible error if
the same facts are shown by other evidence which is not challenged").  We
overrule appellant’s sole issue.  

IV. 
Conclusion

            We affirm the trial court’s
judgment.

 

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

24th
day of March, 2011.









[1]
See Tex. Code Crim. Proc. Ann. art.
42.12, § 23 (Vernon Supp. 2010).

 





[2]
See Tex. Penal Code Ann. § 38.10(a),
(f) (Vernon 2003); id. § 12.42 (Vernon Supp. 2010).