

# NUMBER 13-10-00478-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

BRIAN ALONZO FORD,                                           Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

### On appeal from the 24th District Court
### of DeWitt County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Vela, and Perkes
### Memorandum Opinion by Justice Garza

Appellant, Brian Alonzo Ford, appeals from the trial court's revocation of his "regular" community supervision.[1]  By a single issue, appellant contends that the trial court erred in admitting State's Exhibit 1, a "Chronological Record of Contacts," into

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23 (Vernon Supp. 2010).

evidence at his revocation hearing. We affirm.

## I. BACKGROUND

On December 16, 2009, pursuant to a plea-bargain agreement, appellant pleaded guilty to the third-degree felony offense of bail jumping and failure to appear.[2] The trial court sentenced him to ten years' imprisonment and assessed a $1,000 fine, suspended the prison sentence, and placed him on community supervision for five years.

On April 29, 2010, the State filed a motion to revoke appellant's community supervision, alleging numerous violations, including that he: (1) failed to report to the supervision department during January, February, and March, 2010 (as alleged in paragraph II of the State's motion); (2) failed to provide a urine sample for drug-screening purposes (paragraph III); and (3) refused to be transported to a State Contracted Intermediate Sanction Facility (paragraph VI). Appellant pleaded "not true" to the State's allegations. Following a hearing on August 5, 2010, the trial court found the allegations in paragraphs II, III, and VI of the State's motion to be "true," revoked appellant's community supervision, and sentenced him to seven years' imprisonment.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In a community supervision revocation hearing, the State need only prove its allegations by a preponderance of the evidence. *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.–Corpus Christi 2003, no pet.); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.–Corpus Christi 1997, no pet.) (citing *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993)). This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of

---

[2] *See* TEX. PENAL CODE ANN. § 38.10(a), (f) (Vernon 2003); *id.* § 12.42 (Vernon Supp. 2010).

probation as the State alleged. *In the Interest of B.C.C.*, 187 S.W.3d 721, 724 (Tex. App.–Tyler 2006, no pet.) (citing *Cobb*, 851 S.W.2d at 873); *see also In re M.A.H.*, No. 13-07-426-CV, 2008 Tex. App. LEXIS 6864, at *3-4 (Tex. App.–Corpus Christi Aug. 28, 2008, no pet.) (mem. op.). Appellate review of an order revoking community supervision is limited to a determination of whether the court abused its discretion. *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd). A single violation of a probation condition is sufficient to support the trial court's decision to revoke probation. *Id.*

The trial court is the trier of facts in a revocation proceeding and the sole judge of the credibility of witnesses and the weight to be given to the testimony. *Id.* We examine the record of the revocation proceeding in the light most favorable to the trial court's ruling. *Id.*

An appellate court may not disturb a trial court's evidentiary rulings absent an abuse of discretion. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). In other words, as long as the trial court's decision was within the zone of reasonable disagreement and was correct under any theory of law applicable to the case, it must be upheld. *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)). This is so because trial courts are usually in the best position to determine whether certain evidence should be admitted or excluded. *Id.*

### III. DISCUSSION

Appellant contends that the trial court erred in admitting State's Exhibit 1 at the revocation hearing. State's Exhibit 1 is a six-page printout documenting a record of the community supervision department's contacts or attempted contacts with appellant.

3

The only witness at the revocation hearing was Mark Angell, the probation officer who interviewed and processed appellant when he was placed on community supervision. At the hearing, Officer Angell consulted the "Chronological Record of Contacts" in appellant's file regarding the community supervision department's attempts to contact appellant. Over appellant's objections, the trial court admitted State's Exhibit 1.

Appellant argues that the trial court erred in admitting State's Exhibit 1 because the State failed to lay the proper predicate for admitting the chronological record as a business record under rule of evidence 803(6). *See* TEX. R. EVID. 803(6). Appellant contends that the trial court "could not and/or would not have revoked [his] probation but for considering" State's Exhbit 1. We find appellant's argument to be without merit.

In *Canseco*, the First Court of Appeals addressed a very similar argument: that the trial court abused its discretion in allowing a probation officer to testify from a probation file because the officer did not have personal knowledge of the contents of the file. *See Canseco*, 199 S.W.3d at 439. The First Court rejected the appellant's argument, noting:

> "To authenticate a record of a regularly conducted activity, . . . Rule 803(6) does not require that the person authenticating the record be either the creator of the record or to have personal knowledge of the information recorded therein." *Desselles v. State*, 934 S.W.2d 874, 876 (Tex. App.– Waco 1996, no pet.). Rather, the testifying witness need only have knowledge of how the record was prepared. *Id.* Thus, the Court of Criminal Appeals has determined that a probation file is admissible as a business record, even though the testifying witness does not have personal knowledge of the entries in the file, so long as the personnel who made the entries did have personal knowledge of the facts therein. *Simmons v. State*, 564 S.W.2d 769, 770 (Tex. Crim. App. 1978); *see also Dodson v. State,* 689 S.W.2d 483, 485 (Tex. App.–Houston [14th Dist.] 1985, no pet.) (holding that, where proper predicate is laid, probation file is admissible as business record). Here, although Attebury did not have

4

personal knowledge of all the entries in Canseco's probation file, he testified that Hill prepared the file and had personal knowledge of the facts she recorded in the file. The State therefore laid the proper predicate for admission of the probation file as a business record under Rule 803(6). *See Desselles*, 934 S.W.2d at 876.

*Id.* at 440.

In the present case, Officer Angell testified that the chronological record is a computer printout of notes that he entered into the computer documenting contacts or attempted contacts with appellant. He testified that the information in the chronological record is taken in the ordinary course of being a probation officer, that he is one of the custodians of such business records, and that, unlike in *Canseco*, he made the entries, printed out the record, and made hand-written notes on it. We conclude that the State laid the proper predicate for admission of State's Exhibit 1 as a business record under rule 803(6). *See id.* Accordingly, the trial court did not abuse its discretion in admitting State's Exhibit 1.

Moreover, we note that Officer Angell testified, without objection, that appellant violated the terms of his community supervision by failing to report to the community supervision department as directed, failing to pay costs and fees, refusing to provide a requested sample for alcohol and drug testing, and refusing to be transported to a State Contracted Intermediate Sanction Facility. Thus, even if we do not consider State's Exhibit 1, Officer Angell's testimony regarding any single violation of the terms of appellant's community supervision was sufficient to support the trial court's decision to revoke. *See id.* at 439. Thus, any error in admitting State's Exhibit 1 is harmless. *See* TEX. R. APP. P. 44.2(b); *Crocker v. State*, 573 S.W.2d 190, 201 (Tex. Crim. App. 1978) (noting that "[i]t is well established that the improper admission of evidence does not

constitute reversible error if the same facts are shown by other evidence which is not challenged"). We overrule appellant's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
24th day of March, 2011.

6