

# NUMBER 13-10-00017-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANTHONY NORMAN,                                                     Appellant,

v.

THE STATE OF TEXAS,                                               Appellee.

## On appeal from the 24th District Court
## of Jackson County, Texas.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Benavides
## Memorandum Opinion by Justice Benavides

Appellant, Anthony Norman, was sentenced to five years' deferred adjudication community supervision for assault of a family member. *See* TEX. PEN. CODE ANN. § 22.01(a)(1), (b)(2) (West Supp. 2010). His probation was revoked, and he was sentenced to eight years' confinement in the Texas Department of Criminal

Justice–Institutional Division (TDCJ–ID). On appeal, Norman contends that the trial court violated his right to confront the witnesses against him when evidence of violations in the El Paso Community Intervention Center was admitted in written "chronos"[1] from the probation department, rather than through testimony of live witness with personal knowledge. *See* U.S. CONST. amend. VI. We affirm.

## I. BACKGROUND

Norman was indicted in July 2008 for assault of a family member. *See* TEX. PEN. CODE ANN. § 22.01(a)(1), (b)(2). He pleaded guilty on August 22, 2008, received five years' deferred adjudication community supervision and 240 hours of community service, and was ordered to pay a $1,000 fine and court costs. He waived all rights to appeal.

The State filed a motion to revoke Norman's deferred adjudication community supervision on October 6, 2009, alleging that Norman violated numerous provisions of the terms of his probation. Specifically, the State alleged Norman committed the following violations: (1) testing positive for marihuana on or about May 15, 2009; (2) failing to abstain from the use of controlled substances; (3) failing to complete his program in the El Paso Community Intervention Center on or about September 23, 2009; (4) failing to pay $782 of past due supervision fees for the months of August 2008 through December 2008 and January 2009 through September 2009; (5) failing to pay $225 of the $1,500 fine imposed upon him for the months of May 2009 through September 2009; (6) failing to pay $303 in court fees on or before October 22, 2008; and

---

[1] The term "chronos" refers to the chronology of events set out in the records from the probation department. Chronos include each and every office contact, field contact, and collateral contact with the probationer.

(7) completing only 150 hours of the 240 hours of the community service he was ordered to serve before December 22, 2009. Norman pleaded "not true" to all of these allegations.

After a hearing on the motion to revoke, the trial court revoked Norman's community supervision on December 14, 2009, adjudicated his guilt, and sentenced him to eight years' confinement in the TDCJ–ID. This appeal followed.

## II. STANDARD OF REVIEW

We review the revocation of a probated sentence for an abuse of discretion. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). A revocation proceeding is neither criminal nor civil in nature—rather, it is an administrative proceeding. *Id.* Proof of a single violation is sufficient to support revocation. *Anderson v. State,* 621 S.W.2d 805, 805 (Tex. Crim. App. 1981); *Reynolds v. State,* 746 S.W.2d 536, 537 (Tex. App.—Texarkana 1988, no pet.). If the State failed to meet its burden of proof that the appellant violated his probation, then the trial court abused its discretion in revoking community supervision. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).

## III. ANALYSIS

By Norman's sole issue, he contends that the trial court violated his right to confront his accuser when evidence of his violations were admitted in written "chronos" from the probation department, rather than through the testimony of live witnesses with personal knowledge. *See* U.S. CONST. amend. VI. At the outset, we note that the State offered evidence that Norman violated his probation in seven different manners, including by testing positive for marihuana and admitting that he acquired the drug.

3

Based on this evidence alone, the State proved through sufficient evidence that Norman violated his probation because proof of a single violation is sufficient to support revocation. *See Anderson,* 621 S.W.2d at 805; *Reynolds,* 746 S.W.2d at 537. Accordingly, the trial court did not abuse its discretion in revoking community supervision. *See Rickels,* S.W.3d at 763.

To address Norman's contention that the "chronos" records admitted against him were hearsay, though, we note that these records are exempted if they were used for business purposes. The "chronos" presented in this case were used for business purposes. *See* TEX. R. EVID. 803(6). The Texas Rules of Evidence define a business record as follows:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. "Business" . . . includes any and every kind of regular organized activity whether conducted for profit or not.

*Id; see Canseco v. State*, 199 S.W.3d 437, 439–40 (Tex. App.—Houston [1st Dist.] 2006).

At the El Paso Community Intervention Center, employees kept daily reports on the probationers and their daily duties. In the reports, the employees wrote down every time Norman did not do the duties assigned to him, including failing to arrive for work duties and cursing at the staff. The court of criminal appeals has determined that a probation file is admissible as a business record, even though the testifying witness does not have personal knowledge of the entries in the file, so long as the person who made

4

the entries did have personal knowledge of the facts therein. *Simmons v. State,* 564 S.W.2d 769, 770 (Tex. Crim. App.1978); *see Dodson v. State,* 689 S.W.2d 483, 485 (Tex. App.—Houston [14th Dist.] 1985, no pet.) (holding that, where proper predicate is laid, a probation file is admissible as a business record). At the hearing on the motion to revoke, Jodi Hickl, Norman's probation officer with the Jackson County Adult Probation Department, testified that the chronos in Norman's file were recorded "at or near the time of the occurrence or event that gave rise to them" by a person with personal knowledge of the chronos events, and that the files were kept in the ordinary course of the probation department. *See* TEX. R. EVID. 803(6) (setting forth the predicate to establish a business record exception to the hearsay rule). Accordingly, the probation record was properly admitted for the trial court's consideration. *See id.*

In addition, the confrontation clause is only applicable in criminal trials. Because a community supervision revocation proceeding is an administrative hearing, not a criminal trial, the right to confront one's accuser does not apply. *See* U.S. CONST. amend. VI; *Smart v. State*, 153 S.W.3d 118, 120 (Tex. App.—Beaumont 2004, pet. ref'd) (holding that the Sixth Amendment applies only to criminal cases and not to the administrative hearing used to revoke probation).

Even if the "chronos" had not been admitted, the evidence of the six other violations of probation was sufficient to revoke Norman's probation. Again, proof of a single violation is sufficient to support revocation. *Anderson,* 621 S.W.2d at 805; *Reynolds,* 746 S.W.2d at 537. In light of the foregoing, we overrule Norman's sole issue.

5

## IV. CONCLUSION

Having overruled Norman's sole issue, we affirm the trial court's ruling.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
14th day of July, 2011.