NUMBER
13-10-00017-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

ANTHONY NORMAN,                                     Appellant,

 

v.

 

THE STATE OF TEXAS,                                   
Appellee.

                                                                     


 

On appeal from the 24th
District Court

of Jackson County,
Texas.

                                                           
          

 

MEMORANDUM OPINION

 

        Before
Chief Justice Valdez and Justices Rodriguez and Benavides

                      Memorandum
Opinion by Justice Benavides

 

Appellant,
Anthony Norman, was sentenced to five years’ deferred adjudication community supervision
for assault of a family member.  See Tex. Pen. Code Ann. § 22.01(a)(1),
(b)(2) (West Supp. 2010).  His probation was revoked, and he was sentenced to
eight years’ confinement in the Texas Department of Criminal
Justice–Institutional Division (TDCJ–ID).  On appeal, Norman contends that the
trial court violated his right to confront the witnesses against him when
evidence of violations in the El Paso Community Intervention Center was
admitted in written “chronos”[1]
from the probation department, rather than through testimony of live witness
with personal knowledge.  See U.S.
Const. amend. VI.  We affirm.

I.  Background

Norman
was indicted in July 2008 for assault of a family member.  See Tex. Pen. Code Ann.
§ 22.01(a)(1), (b)(2).  He pleaded guilty on August 22, 2008, received five
years’ deferred adjudication community supervision and 240 hours of community
service, and was ordered to pay a $1,000 fine and court costs.  He waived all
rights to appeal.  

The
State filed a motion to revoke Norman’s deferred adjudication community
supervision on October 6, 2009, alleging that Norman violated numerous
provisions of the terms of his probation.  Specifically, the State alleged Norman
committed the following violations:  (1) testing positive for marihuana on or
about May 15, 2009; (2) failing to abstain from the use of controlled
substances; (3) failing to complete his program in the El Paso Community
Intervention Center on or about September 23, 2009; (4) failing to pay $782 of
past due supervision fees for the months of August 2008 through December 2008
and January 2009 through September 2009; (5) failing to pay $225 of the $1,500
fine imposed upon him for the months of May 2009 through September 2009; (6)
failing to pay $303 in court fees on or before October 22, 2008; and (7) completing
only 150 hours of the 240 hours of the community service he was ordered to serve
before December 22, 2009.  Norman pleaded “not true” to all of these allegations.

After
a hearing on the motion to revoke, the trial court revoked Norman’s community
supervision on December 14, 2009, adjudicated his guilt, and sentenced him to
eight years’ confinement in the TDCJ–ID.  This appeal followed. 

II.  Standard of Review

We review the revocation of a probated sentence for an abuse of
discretion.  Cobb v. State, 851 S.W.2d 871, 873 (Tex.
Crim. App. 1993).  A revocation proceeding is neither criminal nor civil in
nature—rather, it is an administrative proceeding.  Id.  Proof of a
single violation is sufficient to support revocation.   Anderson v. State, 621 S.W.2d 805, 805 (Tex. Crim. App. 1981); Reynolds v. State, 746 S.W.2d 536, 537 (Tex. App.—Texarkana 1988, no pet.).  If the State failed to meet its burden of proof that
the appellant violated his probation, then the trial court abused its
discretion in revoking community supervision.  See Rickels v. State, 202
S.W.3d 759, 763 (Tex. Crim. App. 2006).

III.  Analysis

             By Norman’s sole issue, he contends that the
trial court violated his right to confront his accuser when evidence of his violations
were admitted in written “chronos” from the probation department, rather than
through the testimony of live witnesses with personal knowledge.  See U.S. Const.
amend. VI.  At the outset, we note that the State offered evidence that Norman
violated his probation in seven different manners, including by testing
positive for marihuana and admitting that he acquired the drug.  Based on this
evidence alone, the State proved through sufficient evidence that Norman
violated his probation because proof of a single
violation is sufficient to support revocation.  See Anderson, 621 S.W.2d at 805; Reynolds, 746
S.W.2d at 537.  Accordingly, the trial court did not abuse its
discretion in revoking community supervision.  See Rickels, S.W.3d at
763.  

            To
address Norman’s contention that the “chronos” records admitted against him
were hearsay, though, we note that these records are exempted if they were used
for business purposes.  The “chronos” presented in this case were used for
business purposes.  See Tex. R. Evid. 803(6).  The Texas Rules of
Evidence define a business record as follows: 

A memorandum, report, record, or data
compilation, in any form, of acts, events, conditions, opinions, or diagnoses,
made at or near the time by, or from information transmitted by, a person with
knowledge, if kept in the course of regularly conducted business activity, and
if it was the regular practice of that business activity to make the
memorandum, report, record, or data compilation, all as shown by the testimony
of the custodian or other qualified witness, . . . unless the source of
information or the method or circumstances of preparation indicate lack of
trustworthiness.  “Business” . . . includes any and every kind of regular
organized activity whether conducted for profit or not.

 

Id; see
Canseco v. State, 199
S.W.3d 437, 439–40 (Tex. App.—Houston [1st Dist.] 2006).

At the El Paso Community Intervention Center, employees kept daily
reports on the probationers and their daily duties.  In the reports, the
employees wrote down every time Norman did not do the duties assigned to him,
including failing to arrive for work duties and cursing at the staff.  The
court of criminal appeals has determined that a probation file is admissible as
a business record, even though the testifying witness does not have personal
knowledge of the entries in the file, so long as the person who made the
entries did have personal knowledge of the facts therein.  Simmons v. State, 564 S.W.2d 769, 770 (Tex. Crim. App.1978); see Dodson v. State, 689 S.W.2d 483, 485 (Tex. App.—Houston [14th Dist.] 1985,
no pet.) (holding that, where proper
predicate is laid, a probation file is admissible as a business record).  At
the hearing on the motion to revoke, Jodi Hickl, Norman’s probation officer
with the Jackson County Adult Probation Department, testified that the chronos
in Norman’s file were recorded “at or near the time of the occurrence or event
that gave rise to them” by a person with personal knowledge of the chronos
events, and that the files were kept in the ordinary course of the probation
department.  See Tex. R. Evid. 803(6) (setting forth the predicate to
establish a business record exception to the hearsay rule).  Accordingly, the probation record was properly admitted
for the trial court’s consideration.  See id.  

            In
addition, the
confrontation clause is only applicable in criminal trials.  Because a
community supervision revocation proceeding is an administrative hearing, not a
criminal trial, the right to confront one’s accuser does not apply.  See U.S. Const. amend. VI; Smart v. State,
153 S.W.3d 118, 120 (Tex. App.—Beaumont 2004, pet. ref’d) (holding that the
Sixth Amendment applies only to criminal cases and not to the administrative
hearing used to revoke probation).  

Even if the “chronos” had not been admitted, the evidence of the
six other violations of probation was sufficient to revoke Norman’s probation. 
Again, proof of a single
violation is sufficient to support revocation.  Anderson, 621 S.W.2d at 805; Reynolds, 746
S.W.2d at 537.  In light of the foregoing, we overrule Norman’s sole
issue. 




IV.  Conclusion

Having overruled
Norman’s sole issue, we affirm the trial court’s ruling.

 

 

________________________

GINA
M. BENAVIDES,

Justice

 

Do not publish.

Tex. R. App.
P. 47.2 (b).

 

Delivered and filed the

14th day of July, 2011. 

 









[1] The term “chronos” refers to the chronology of events
set out in the records from the probation department.  Chronos include each and
every office contact, field contact, and collateral contact with the probationer.