

NUMBER 13-11-00041-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROLANDA URSULA CROSS A/K/A
ROLANDA U. CROSS A/KA
ROLANDA URSULA ROBERTSON,                          Appellant,

v.

THE STATE OF TEXAS,                                Appellee.

**On appeal from the 252nd District Court
of Jefferson County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes
Memorandum Opinion by Justice Benavides**

This appeal arises from a motion to revoke unadjudicated probation. Appellant, Rolanda Ursula Cross a/k/a Rolanda U. Cross a/k/a Rolanda Ursula Roberson (hereinafter "Cross"), argues that the trial court erred when it found her guilty for an

offense for which she had not been indicted.   We affirm.

## I. BACKGROUND[1]

On October 24, 2007, Cross pleaded guilty to the offense of tampering with a governmental record, a third-degree felony.   *See* TEX. PEN. CODE ANN. §§ 12.34(a), 37.10(a)(2) (West Supp. 2010).   The trial court deferred adjudication of guilt, assessed a term of five years of community supervision, and ordered a $500 fine.

On October 22, 2010, the State filed its first Amended Motion to Revoke Unadjudicated Probation.   In its motion, the State alleged that Cross violated the terms of her community supervision in seven ways.   Cross pleaded "not true" to all of the allegations except for one:   she pleaded "true" to the allegation that she committed the offense of theft by check on December 19, 2009.   After a hearing on the motion to adjudicate, the trial court revoked Cross's deferred adjudication community supervision and sentenced her to ten years in the Texas Department of Criminal Justice—Institutional Division.   *Id.* § 12.34(a) ("An individual adjudged guilty of a felony of the third degree shall be punished by imprisonment . . . for any term of not more than 10 years or less than 2 years."); *see* TEX. CODE CRIM. PROC. ANN. § 5(b) (West Supp. 2010) ("after an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.").

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

During sentencing, the trial court stated, "I find the evidence to be sufficient to find Count 7 to be true . . . I now find you guilty of the offense of tampering with physical evidence." Cross's original offense, however, was for tampering with a governmental record, not for tampering with physical evidence. *Compare* TEX. PEN. CODE ANN. § 37.10(a)(2) *with* TEX. PEN. CODE ANN. § 37.09 (West Supp. 2010). The "Judgment Adjudicating Guilt", though, correctly states the original offense to which Cross pleaded guilty—"tampering with a governmental record."

Cross filed this appeal claiming that the trial court erred when it orally pronounced her guilty of an offense for which she had not been indicted.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review the revocation of a probated sentence for an abuse of discretion. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). A revocation proceeding is neither criminal nor civil in nature—rather, it is an administrative proceeding. *Id*. Proof of a single violation is sufficient to support revocation. *Anderson v. State*, 621 S.W.2d 805, 805 (Tex. Crim. App. 1981); *Reynolds v. State*, 746 S.W.2d 536, 537 (Tex. App.—Texarkana 1988, no pet.).

## III. ANALYSIS

Cross's sole issue is that the trial court erred when it found her guilty for an offense for which she had not been indicted. She cites *Coffey v. State* for the proposition that when a trial court's oral pronouncement of the defendant's sentence and its written memorialization of the sentence vary, the oral pronouncement controls. 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). *Coffey* is inapplicable to the case at hand, though, because *Coffey's* holding is limited to oral and written variations in *sentencing*.

3

*See id.* (emphasis added). In other situations, such as when the trial court mistakenly revokes probation on inconsistent grounds, "the written findings of the court control over an oral announcement." *Id.* (citing *Eubanks v. State*, 599 S.W.2d 815, 817 (Tex. Crim. App. 1980); *Aguilar v. State*, 542 S.W.2d 871, 874 (Tex. Crim. App. 1976)). In this case, the variation was in the crime for which Cross was found guilty. Cross's sentence of ten years, however, was the same when the trial judge pronounced it orally at the hearing on the motion to adjudicate and in the written judgment. Thus, *Coffey* is inapposite.

Regardless, even if we assume that the trial court did err, this error would be harmless. *See* TEX. R. APP. P. 44.2 (providing that, in criminal cases, "any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). Here, the trial court made the oral pronouncement that Cross was guilty of the wrong offense at a hearing on Monday, November 29, 2010. The written judgment, which correctly found Cross guilty of the crime for which she was indicted, was entered on Wednesday, December 1, 2010. Assuming without deciding that the trial court erred when it pronounced the wrong offense on the record, the error was corrected when the final judgment was entered a mere two days later. Because Cross suffered no harm from this minor discrepancy, we overrule her sole issue. *See, e.g., Ex parte Chavez*, 213 S.W.3d 320, 324 (Tex. Crim. App. 2006) (holding that a punishment that falls within the legislatively prescribed range is unassailable on appeal.).

4

## IV. CONCLUSION

We affirm the judgment of the trial court.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of August, 2011.

5