NUMBER 13-11-00041-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

ROLANDA URSULA CROSS A/K/A

ROLANDA U. CROSS A/KA

ROLANDA URSULA ROBERTSON,                                  Appellant,

 

v.

 

THE STATE OF TEXAS,                                   
Appellee.

                                                                     


 

On appeal from the 252nd
District Court

of Jefferson County,
Texas.

                              
                                       

 

MEMORANDUM OPINION

 

                     Before
Justices Benavides, Vela, and Perkes

                      Memorandum
Opinion by Justice Benavides

 

            This
appeal arises from a motion to revoke unadjudicated probation.  Appellant,
Rolanda Ursula Cross a/k/a Rolanda U. Cross a/k/a Rolanda Ursula Roberson
(hereinafter “Cross”), argues that the trial court erred when it found her
guilty for an offense for which she had not been indicted.  We affirm.

I. Background[1]

            On
October 24, 2007, Cross pleaded guilty to the offense of tampering with a
governmental record, a third-degree felony.  See Tex. Pen. Code Ann. §§ 12.34(a), 37.10(a)(2) (West Supp.
2010).  The trial court deferred adjudication of guilt, assessed a term of five
years of community supervision, and ordered a $500 fine.   

On
October 22, 2010, the State filed its first Amended Motion to Revoke
Unadjudicated Probation.  In its motion, the State alleged that Cross violated
the terms of her community supervision in seven ways.  Cross pleaded “not true”
to all of the allegations except for one:  she pleaded “true” to the allegation
that she committed the offense of theft by check on December 19, 2009.  After a
hearing on the motion to adjudicate, the trial court revoked Cross’s deferred
adjudication community supervision and sentenced her to ten years in the Texas
Department of Criminal Justice—Institutional Division.  Id. § 12.34(a)
(“An individual adjudged guilty of a felony of the third degree shall be
punished by imprisonment . . . for any term of not more than 10 years or less
than 2 years.”); see Tex. Code
Crim. Proc. Ann. § 5(b) (West Supp. 2010) (“after an adjudication of
guilt, all proceedings, including assessment of punishment, pronouncement of
sentence, granting of community supervision, and defendant's appeal continue as
if the adjudication of guilt had not been deferred.”).

 

 

During
sentencing, the trial court stated, “I find the evidence to be sufficient to
find Count 7 to be true . . . I now find you guilty of the offense of tampering
with physical evidence.”  Cross’s original offense, however, was for tampering
with a governmental record, not for tampering with physical evidence.  Compare
Tex. Pen. Code Ann. § 37.10(a)(2)
with Tex. Pen. Code Ann. §
37.09 (West Supp. 2010).  The “Judgment Adjudicating Guilt”, though, correctly
states the original offense to which Cross pleaded guilty—“tampering with a
governmental record.”  

Cross
filed this appeal claiming that the trial court erred when it orally pronounced
her guilty of an offense for which she had not been indicted.  

II. Standard
of Review and Applicable Law

            We
review the revocation of a probated sentence for an abuse of discretion.  Cobb
v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  A revocation
proceeding is neither criminal nor civil in nature—rather, it is an
administrative proceeding.  Id.  Proof of a single violation is
sufficient to support revocation.   Anderson v. State, 621 S.W.2d 805,
805 (Tex. Crim. App. 1981); Reynolds v. State, 746 S.W.2d 536, 537 (Tex.
App.—Texarkana 1988, no pet.).  

III. Analysis

            Cross’s
sole issue is that the trial court erred when it found her guilty for an
offense for which she had not been indicted.  She cites Coffey v. State
for the proposition that when a trial court’s oral pronouncement of the
defendant’s sentence and its written memorialization of the sentence vary, the
oral pronouncement controls.  979 S.W.2d 326, 328 (Tex. Crim. App. 1998).  Coffey
is inapplicable to the case at hand, though, because Coffey’s holding is
limited to oral and written variations in sentencing.  See id.
(emphasis added).  In other situations, such as when the trial court mistakenly
revokes probation on inconsistent grounds, “the written findings of the court
control over an oral announcement.”  Id. (citing Eubanks v. State,
599 S.W.2d 815, 817 (Tex. Crim. App. 1980); Aguilar v. State, 542 S.W.2d
871, 874 (Tex. Crim. App. 1976)).  In this case, the variation was in the crime
for which Cross was found guilty.  Cross’s sentence of ten years, however, was
the same when the trial judge pronounced it orally at the hearing on the motion
to adjudicate and in the written judgment.  Thus, Coffey is inapposite.

Regardless,
even if we assume that the trial court did err, this error would be harmless.  See
Tex. R. App. P. 44.2 (providing
that, in criminal cases, “any other error, defect, irregularity, or variance
that does not affect substantial rights must be disregarded.”).   Here, the
trial court made the oral pronouncement that Cross was guilty of the wrong
offense at a hearing on Monday, November 29, 2010.  The written judgment, which
correctly found Cross guilty of the crime for which she was indicted, was
entered on Wednesday, December 1, 2010.  Assuming without deciding that the
trial court erred when it pronounced the wrong offense on the record, the error
was corrected when the final judgment was entered a mere two days later. 
Because Cross suffered no harm from this minor discrepancy, we overrule her
sole issue. See, e.g., Ex parte Chavez, 213 S.W.3d 320, 324 (Tex. Crim.
App. 2006) (holding that a punishment that falls within the legislatively prescribed
range is unassailable on appeal.).  




IV. Conclusion

             
We affirm the judgment of the trial court. 

 

 

 

________________________

GINA
M. BENAVIDES,

Justice

Do not publish.

Tex. R. App.
P. 47.2(b).

 

Delivered and filed the

29th day of August, 2011. 

 









[1] This case is before this Court on transfer from the Ninth Court of
Appeals in Beaumont pursuant to an order issued by the Supreme Court of
Texas.  See Tex. Gov’t Code
Ann. § 73.001 (West 2005).