**AFFIRM; and Opinion Filed July 12, 2013.**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-11-01380-CR**

**MATTHEW GUTIERREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-80235-09**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice O'Neill

Appellant Matthew Gutierrez appeals his conviction for possession of methamphetamine. In a single point of error, appellant contends the trial court erred in admitting his probation records in violation of the Confrontation Clause. For the following reasons, we affirm appellant's conviction.

Appellant pleaded guilty to possession of methamphetamine and was placed on deferred adjudication probation for three years. The State subsequently filed a petition to adjudicate appellant guilty alleging he violated probation by failing to report, failing to pay fines, failing to pay court costs and supervision fees, failing to perform community service, and failing to submit to substance abuse evaluation and treatment. Following a hearing, the trial court found appellant violated probation by failing to report, failing to perform community service, and failing to submit to substance abuse evaluation and treatment.

At the hearing on the petition to adjudicate, the State relied on appellant's probation "chronos," records made by the probation department that outlined appellant's contacts with the probation department, to prove he violated the conditions of his probation. The records were authenticated by the testimony of Collin County Probation Officer Leigh Riley. Riley had no personal knowledge of the contents of the records, but testified as the records custodian. Appellant objected that admission of the records violated his rights under the Confrontation Clause of the United States Constitution as enunciated in *Crawford v. Washington,* 541 U.S. 36 (2004). He also objected the records were inadmissible hearsay and did not meet the requirements of the business records exception. The trial court overruled appellant's objections, admitted the records, and allowed Riley to testify to their contents.

On appeal, appellant first asserts admission of the records violated his rights under the Confrontation Clause of the Sixth Amendment. The Confrontation Clause by its own terms applies only to "criminal prosecutions." See U.S. U.S. CONST. amend. VI. Because a probation revocation is not a stage of a "criminal prosecution," the Sixth Amendment does not apply. *Wisser v. State*, 350 S.W.3d 161, 164 (Tex. App.—San Antonio 2001, no pet.); *Trevino v. State*, 218 S.W.3d 234, 239 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Smart v. State*, 153 S.W.3d 118, 121 (Tex. App.—Beaumont 2005, pet. ref'd). Appellant concedes this general rule insofar as it applies to "regular" probation, but contends since he was placed on deferred adjudication probation, and was neither "convicted" nor sentenced until his probation was revoked, the revocation proceeding was a phase of the criminal prosecution. The State responds revocation, whether following "regular" probation or deferred adjudication probation, is not a stage of criminal prosecution, and there is no constitutional basis to provide greater Sixth Amendment rights to a defendant who has been given the benefit of deferred adjudication probation. We agree with the State.

The Eastland Court of Appeals has applied the general rule that revocation proceedings are not a phase of a criminal "prosecution" for purposes of the Sixth Amendment in the deferred adjudication context. *Mauro v. State*, 235 S.W.3d 374, 376 (Tex. App.—Eastland 2007, pet. ref'd). We agree. Deferred adjudication probation differs from regular probation in that it permits a defendant who pleads guilty to an offense and who successfully completes probation to avoid "conviction." However, the issue of appellant's guilt for the offense is determined in the initial plea proceedings, and the only issue to be determined in the revocation proceedings is whether to proceed with an adjudication of guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2012). We conclude because appellant's guilt was already determined in the prior plea proceedings, the revocation proceedings were not a phase of "criminal prosecution" for purposes of the Sixth Amendment.[1] *Cf. Peters v. Florida*, 984 So.2d 1227, 1231-32 (Fla. 2008), *cert. denied*, 555 U.S. 1109 (2009) (concluding criminal prosecution ends with a determination of guilt for the charged offense, regardless of whether imposition of sentence is withheld). Therefore, the trial court did not err in admitting the probation report under *Crawford*.

In the alternative, appellant contends the trial court erred in admitting the records under the business records exception. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). A trial court's abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

---

[1] In a revocation proceeding, a defendant does have certain rights of cross-examination under the due process clause. *See Black v. Romano*, 471 U.S. 606, 612 (1985). Appellant did not raise a due process objection in the trial court.

The trial court admitted the probation records under the business records exception to the hearsay rule. Appellant asserts the trial court erred in doing so because the records did not have a sufficient indicia of trustworthiness. Rule 803(6) excepts from the hearsay rule "[a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." TEX. R. EVID. 803(6). Rule 803(6) does not require the person authenticating the record to have created the record or to have personal knowledge of the information recorded therein. *Canseco v. State*, 199 S.W.3d 437, 440 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

Probation files are generally admissible as business records when the proper predicate is shown. *See Simmons v. State*, 564 S.W.2d 769, 770 (Tex. Crim. App. 1978); *Dodson v. State*, 689 S.W.2d 483, 485 (Tex. App.—Houston [14th Dist.] 1985, no pet.) (holding that, when proper predicate is laid, probation file is admissible as business record). Here, the records custodian testified that the chronos were made at or near the time of the evidence reported, the records were made by somebody with knowledge of the events recorded, and that the records were kept in the ordinary course of business as required by the probation department. Appellant does not dispute the State met these predicate requirements, but contends the records were nevertheless inadmissible because they did not have a sufficient "indicia of reliability." A document meeting the predicate requirements may still be inadmissible if the source of information or method or circumstances of preparation of the records indicate a lack of

–4–

trustworthiness. *See* TEX. R. EVID. 803(6). But appellant did not raise this complaint in the trial court. Therefore, it is waived. *See* TEX. R. APP. 33.1(a). We cannot conclude the trial court abused its discretion in admitting the records. *See Canseco*, 199 S.W.3d at 440.

We resolve the sole issue against appellant and affirm the trial court's judgment.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE


Do Not Publish
Tex. R. App. 47

111380F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MATTHEW GUTIERREZ, Appellant

No. 05-11-01380-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-80235-09.
Opinion delivered by Justice O'Neill.
Justices Moseley and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of July, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE